UNITED STATES of America and
James D. Reed et al.

v.

J. JOSEPH GARTLAND, INC.

Civ. No. Y-78-747.

United States District Court,
D. Maryland.

July 7, 1978.

Russell T. Baker, Jr., Daniel M. Clements, Baltimore, Md., Thomas M. Lawler, Washington, D. C., for plaintiffs.

R. Samuel Jett, Baltimore, Md., for defendant.

JOSEPH H. YOUNG, District Judge.

The United States and Special Agent James D. Reed of the Internal Revenue Service have brought this petition pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code to enforce a summons served on J. Joseph Gartland, Inc.

The summons arises out of a tax investigation of the liabilities of John B. Kotmair, Jr. Respondent is a corporation which has had business dealings with the taxpayer, and IRS seeks to obtain records which pertain to transactions with Kotmair d/b/a Free State Home Builders.

Presently before the Court is a motion by Kotmair to intervene for purposes of opposing enforcement of the summons. Applicant Kotmair claims a right to intervene pursuant to 26 U.S.C. § 7609(b)(1) and/or Rule 24 F.R.Civ.P.

For reasons to be stated herein, the motion will be denied.

### I.

■ Under a recently enacted provision of the Internal Revenue Code, 26 U.S.C. § 7609, applicable to summonses issued after February 28, 1977, taxpayers are given a right to intervene to oppose enforcement of third-party summonses in certain specified situations. Section (a) of the statute provides that whenever a summons is served on a "third-party recordkeeper," any person named in the summons as to whom records are sought must receive notice of the summons. Under § 7609(b)(1) "any person who is entitled to notice of a summons" has a right to intervene in any proceedings for enforcement of the summons.

In brief, a person's right to receive notice and to intervene exists only if the summons is served on a party who is a "third-party recordkeeper." The latter is defined as:

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(d) of the Fair Credit Reporting Act (15 U.S.C. 1681a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 15 U.S.C. 78c(a)(4));

(E) any attorney; and

(F) any accountant.

In the instant case, the plain meaning of the words in the statutory definition reveals that Gartland is not a third-party record-

keeper. Accordingly, Kotmair has no right to notice of the summons or to intervene in the enforcement proceedings.

The legislative intent in defining record-keepers is also consistent with this result. The records which IRS seeks to obtain in this action are Gartland's own business records, not Kotmair's records which Gartland keeps for Kotmair. The distinction is crucial. The Senate Report explained the concept of a third-party recordkeeper as follows:

> . . . a third party recordkeeper is generally to be a person engaged in making or keeping the records involving transactions of other persons. S.Rep.No. 94–938, 94th Cong., 2nd Sess. 369, *reprinted in* U.S.Code Cong. & Administrative News, 1976, pp. 2897, 3798.

In a recent decision, *United States v. Exxon Company,* D.C., 450 F.Supp. 472, filed April 14, 1978, Judge Murray of this District concluded that Exxon, although a credit card issuer, was not a third-party recordkeeper within the meaning of the statute, when the records sought were Exxon's own business records, rather than records of the credit cardholder, kept by Exxon only in its role as a credit card issuer. This Court agrees with the conclusion that the rationale of § 7609 is to protect the privacy interest of the citizen whose records are maintained by another, and that this interest is not involved when the third-party's records are maintained for its own purposes.

In short, Kotmair has no right to intervene based on this statutory provision.

Under Rule 24(a)(2) of the F.R. Civ.P. intervention exists as a matter of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), the Supreme Court held that a taxpayer could not intervene as a matter of right pursuant to Rule 24(a) when the records sought were the business records of his former employer, as to which he possessed no proprietary interest or privilege. The analogy to the present case is obvious. In *Donaldson,* the Court stated:

> Donaldson's only interest—and of course it looms large in his eyes—lies in the fact that those records presumably contain details of Acme-to-Donaldson payments (Acme is the employer) possessing significance for federal income tax purposes.
>
> . . .
>
> This interest cannot be the kind contemplated by Rule 24(a)(2) when it speaks in general terms of "an interest relating to the property or transaction which is the subject of the action." What is obviously meant there is a significantly protectable interest. And the taxpayer, to the extent that he has such a protectable interest, as, for example, by way of privilege, or to the extent he may claim abuse of process, may always assert that interest or that claim in due course at its proper place in any subsequent trial.

400 U.S. at 530–31, 91 S.Ct. at 542.

Nor can Kotmair be permitted to intervene under Rule 24(b) which allows for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." In *United States v. Newman,* 441 F.2d 165 (5th Cir. 1971), the reasoning in *Donaldson* was held to preclude permissive intervention, as well as intervention as a matter of right, in a situation analogous to the present case.

In *Newman,* the taxpayer, like Kotmair, sought to intervene, claiming that the IRS agent was impermissibly seeking evidence to use in a criminal proceeding. Stressing the rationale of *Donaldson* to prevent undue interference with IRS enforcement efforts, the Court stated:

. . . this [*Donaldson*] is a flat holding that on charges of this kind intervention by a taxpayer in a summons proceeding against a third party witness would thwart and defeat the policies and mechanisms ordained by Congress. It is the *intervention* in such situation, not the technical basis—as of right or permissive—for permitting it which thwarts and defeats. Clearly the Court did not mean to allow a single District Judge in the exercise of a wide and often undefinable discretion to ignore if not judicially repeal policies prescribed by the Congress.

Intervention in these circumstances is to be rejected, not by retrenching from the liberal application of the Federal Rules . . . Rather it is because valid Congressional policies would be adversely affected if this "outsider" were permitted to take over the controversy significantly. To permit this "would unwarrantedly cast doubt upon and stultify the Service's every investigatory move" (citing *Donaldson*, 400 U.S. at 531, 91 S.Ct. at 543, 27 L.Ed.2d at 589–90).

441 F.2d at 172–73. *See also United States v. Exxon Company, supra.* The reasoning in *Newman* is supported by the definition of third party recordkeepers in the recently enacted § 7609, which, as stated above, does not give the taxpayer a right of intervention in situations such as the present case.

Since Respondent Gartland's argument against enforcement is predicated solely on Kotmair's right to intervene, it cannot be a basis for denying enforcement.

Accordingly, for the reasons herein stated, it is this 7th day of July, 1978, by the United States District Court for the District of Maryland, ORDERED:

1. That the motion by John Kotmair to intervene be, and the same is, hereby DENIED; and

2. That the petitioners' request for enforcement of the summons served upon J. Joseph Gartland, Inc., be, and the same is, hereby GRANTED.