Charles Dare SCHAUT and Pamela N.
Schaut, Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN
ASSOCIATION OF CHICAGO and Alan
F. Leksander, Defendants.

No. 82 C 4500.

United States District Court,
N.D. Illinois, E.D.

Feb. 14, 1983.

Robert L. Collins, Wheaton, Ill., for plaintiffs.

Dan K. Webb, U.S. Atty., Joan C. Laser, Asst. U.S. Atty., Chicago, Ill., James H. Jeffries, III, Robert G. Nath, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant Leksander.

James P. Ziegler, Stone, Pogrund & Korey, Chicago, Ill., for defendant First Federal.

MEMORANDUM OPINION AND ORDER

PARSONS, Senior District Judge.

Before me is the defendant Alan F. Leksander's motion to dismiss or in the alternative for summary judgment. The plaintiffs Charles and Pamela Schaut, husband and wife, seek damages from a Special Agent of the Internal Revenue Service (IRS), Alan Leksander, for his action in serving an administrative summons on a savings and loan association with which the plaintiffs did business and from the Association for hon-

oring the summons, all allegedly in violation of the plaintiffs' rights.

The relevant facts are as follows. The plaintiffs did not file their individual federal tax returns for the years 1979 and 1980. On July 13, 1981, Special Agent Leksander was assigned to investigate the federal tax liabilities of the plaintiffs as well as their failure to file 1979 and 1980 federal tax returns. The investigation later was broadened to include Mr. Schaut's allegedly filing false forms W–4 in 1980 and 1981. The examination was a joint investigation involving both civil and criminal personnel.

On December 3, 1981, in accord with normal investigative procedures, Special Agent Leksander personally delivered an administrative summons to an officer of the First Federal Savings and Loan Association in Algonquin, Illinois and proper notice of the summons was given the taxpayer. The purpose of the summons was to determine whether Mr. Schaut had any bank accounts with interest income, mortgages with interest expense or real estate taxes, or any other items of income or expense, which might be relevant to a determination of the tax liabilities of the plaintiffs for the years under investigation.

Thereafter Leksander received a copy of a letter dated December 7, 1981, which Charles Schaut allegedly sent to the First Federal Savings and Loan Association requesting that the summons not be honored based on his asserted right of privacy. On December 21, 1981, Mr. Schaut requested that Special Agent Leksander call First Federal to determine whether or not the Association would be complying. Subsequently, an employee of First Federal informed Leksander that First Federal planned to turn over the documents to the IRS unless Mr. Schaut and Leksander agreed that the documents were no longer needed. Special Agent Leksander informed the employee that no such agreement would be reached. On January 12, 1982, First Federal produced the documents specified in the subpoena. The filing of this action followed a few months later.

■ The longstanding general rule is that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This stringent requirement that must be met in order to have a case dismissed for failure to state a claim has been met in this instance.

■ The plaintiffs do not assert the federal question jurisdiction of the district court, but instead allege diversity of citizenship of the parties as the basis for this court's jurisdiction. The plaintiffs' substantive legal claims arise under Illinois law and are for breach of fiduciary relation and invasion of privacy. As between Leksander and the plaintiffs, however, there was never a fiduciary relationship. In fact, Leksander's duty was to investigate the federal tax liabilities of the Schauts and this is precisely what he did do. Therefore, as to the theory of breach of fiduciary duty, the plaintiff has failed to state a claim as to the defendant Leksander.

■ Turning to the plaintiffs' other contention, that there was a violation of their right to privacy, this claim also appears to be without merit. The plaintiffs have not cited any authority to support their assertion that serving an IRS summons on a financial institution of the taxpayer violates his right to privacy as protected by state law. Leksander was specifically authorized by federal statute to investigate and issue IRS summonses. 26 U.S.C. § 7601 et seq. The issuance of an IRS summons has specifically been held to be valid under the fourth amendment to the United States Constitution. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Further, courts have recognized that since a depositor does not have a right to privacy in bank records maintained in the depositor's name, service of an IRS summons upon a bank does not violate the individual's right to privacy. *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). It is apparent that the plaintiffs are not

entitled to relief upon any state of facts which could be made out in support of their claim, because there is no violation of a persons right of privacy when the IRS investigates and seeks documents from third parties where, as here, the investigation is specifically authorized by law.

The plaintiffs' citation to *Bivens v. Six Unknown Federal Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), is inapposite as that case arose under the fourth amendment to the federal constitution and pursuant to the federal question jurisdiction of the district courts, 28 U.S.C. 1331(a), and not, as the plaintiffs have plead this case, under diversity of citizenship provisions alone. Because the plaintiffs have only alleged, under state law, violations of their right to privacy and of fiduciary duties, there is no need for me to do more than dismiss the complaint as to the defendant Leksander for failure to state a claim.

After reviewing the pleadings, however, it becomes inescapable that the plaintiffs have also failed to state a claim upon which relief can be granted as to the defendant First Federal Savings and Loan Association. First Federal cannot be held liable for breach of a fiduciary duty or for violation of a customer's right of privacy because of complying with a valid IRS subpoena. Although First Federal has not yet moved to dismiss, I am empowered pursuant to Federal Rule of Civil Procedure 12(h)(3) to dismiss a cause whenever it becomes apparent that the court lacks jurisdiction of the subject matter. There is no subject matter upon which this court can garner jurisdiction because the plaintiff has failed to state a claim against either of the two defendants. As a result this proceeding must be dismissed.

In addition, it deserves to be noted that while dismissal of the complaint is without prejudice, the plaintiffs should carefully analyze the defendants' other contentions, not necessarily discussed herein, in considering whether or not to refile this suit.

Wherefore, and in view of the foregoing, the defendant Leksander's motion to dismiss or for summary judgment will be tak-en as a motion to dismiss and the same is granted. Further, the court on its own motion, enters an order dismissing the plaintiffs' claims as to the defendant First Federal and thereby dismisses the remainder of this case. It is so ordered.