Amos D. DAVENPORT, et al., Plaintiffs,

v.

V. BELL, et al., Defendants.

No. 83 C 4695.

United States District Court,
N.D. Illinois, E.D.

Dec. 28, 1984.

in aid of an investigation of the federal tax liabilities of the petitioners for 1980, 1981, and 1982. The summons, issued on June 22, 1983, requested certain records relating to insurance coverage of the petitioners by State Farm.[1] After State Farm notified the petitioners of the I.R.S. summons, they filed a petition in this Court to quash the summons, purportedly pursuant to 26 U.S.C. § 7609(b)(2)(A). Petitioners also sued individually the I.R.S. agents responsible for issuing the summons and the Commissioner of the I.R.S., alleging violations of their constitutional rights, including their First Amendment rights to freedom of association and religion as to information sought concerning two organizations of which petitioners are members, the Free Church of the Creator and Citizens For Just Taxation.

On September 6, 1983, the government served its motion to dismiss the original petition, contending that this Court lacked subject matter jurisdiction because the jurisdictional basis provided for in 26 U.S.C. § 7609 applied only to summonses issued to "third-party recordkeepers." The government reasoned that because State Farm was not a "third-party recordkeeper" within the meaning of Section 7609, this Court lacked jurisdiction to quash the summons. The government also asserted that petitioners filed this action in bad faith to delay and defeat a criminal investigation and thus requested an award of attorneys' fees and costs.

Petitioners failed to respond to the government's motion to dismiss and failed to adhere to two extensions of time in which to file a responsive brief. On No-

Andrew B. Spiegel, Chicago, Ill., for plaintiffs.

Mary A. Mason, Asst. U.S. Atty., Chicago, Ill., Robert G. Nath, Trial Atty., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Petitioners, Amos and Norma Davenport, brought this action to quash an Internal Revenue Service ("I.R.S.") administrative summons issued to and served upon State Farm Insurance Company ("State Farm")

1. The summons is issued "In the matter of Amos D. & Norma L. Davenport" and seeks the following documents:

Original documents or photocopies thereof of applications, payments issued, dividends or interest checks issued, Forms 1099 issued, any insurance coverage, including but not limited to: life, health, home, renters, automobile, and liability, as well as any correspondence with the above, their offspring, or their agents. Also included are all claim applications, appraisals, and checks/drafts issued to or on behalf of the Davenports.

This request relates to information and documents for the period 1979 through March, 1983.
This request includes but is not limited to:
AMOS D. DAVENPORT SSN: 309–24–9229
DATE OF BIRTH: 11–12–27
NORMA L. DAVENPORT SSN: 314–30–1545
DATE OF BIRTH: 6–3–32
FREE CHURCH OF THE CREATOR
CITIZENS FOR JUST TAXATION

vember 15, 1983, Judge Nordberg, to whom this case had then been assigned,[2] entered an order dismissing the petitioners' original petition but granting them to November 28, 1983 to file an amended complaint. In so doing, the Court relied upon the express promise of petitioners' counsel that the jurisdictional defect would be cured. The petitioners' First Amended Complaint, however, is virtually identical to the original petition, except that the petitioners have rearranged some paragraphs. The petitioners now explicitly identify themselves as members of Citizens For Just Taxation and of the Free Church Of The Creator, and the petitioners now allege, without more, that the documents sought of State Farm by the I.R.S. are "those of a third-party recordkeeper."

Because petitioners have failed to cure the jurisdictional defect in their original petition, this Court hereby grants the government's motion to dismiss the First Amended Complaint. Moreover, because the petitioners have managed to delay the enforcement of the I.R.S. summons at issue here for well over a year on the promise that they would "cure" a jurisdictional defect which they clearly did not cure, this Court hereby grants the government's request for attorneys' fees and costs as a sanction for petitioners' filing a lawsuit without a good faith basis for jurisdiction.

Section 7609(h) of Title 26 grants federal jurisdiction to hear and determine any proceedings brought pursuant to 26 U.S.C. § 7609(b)(2). Under that subsection any person "who is entitled to notice of a summons [served after December 31, 1982] under subsection (a) shall have the right to begin a proceeding to quash such summons." Subsection (a) provides that when a summons is served upon a "third-party recordkeeper" and requires production of records of the business transactions or affairs of a person "other than the person summoned," that other person has the right to be notified of the issuance of the summons.

Section 7609(a)(3) defines the term "third-party recordkeeper" as meaning a bank or savings and loan association, a consumer reporting agency, any person extending credit through the use of credit cards, a broker, an attorney, an accountant, and a barter exchange. State Farm, under both the case law interpreting that section and under its legislative history, is clearly not a "third-party recordkeeper" within the meaning of 26 U.S.C. § 7609(a)(3).

*United States v. White Agency,* 44 A.F. T.R.2d 79–5019 (W.D.Mich.1979), is directly in point. There, the district court affirmed the holding of a magistrate that an insurance agency is not a third-party recordkeeper. The magistrate ruled:

> Although taxpayer's counsel claims that the White Agency is also licensed as a securities broker, there is no evidence in the record to support such a claim. However, even assuming that the White Agency may be classified as a broker, it is clear that the statute does not make brokers or the other persons specified in the statute (such as banks, credit card issuers, attorneys, accountants, etc.) "third-party recordkeepers" for all purposes. It is not sufficient that the person summoned falls facially within the named classes. He must also have been summoned in his capacity as a custodian or stakeholder of the records summoned.

> . * * * * * *

> In the present case, the White Agency is not summoned in its capacity as a securities broker. It is summoned in its capacity as an insurance agent. This is obvious on the face of the summons which requests only information 'relative to all policies identified in item 1 above.' (Government Exhibit 1) More importantly, the summons seeks insurance policies, customer ledger cards, applications for business transactions, and the like, which are records of the taxpayer's own two-

---

**2.** This case was randomly assigned to the calendar of this Court on November 1, 1984, when Judge Ilana Diamond Rovner assumed the duties of office as Judge of the United States District Court for the Northern District of Illinois.

party transactions with the White Agency, rather than records of a true third-party type relationships. I find that the White Agency is not a third-party recordkeeper within the meaning of Section 7609(a)(3). Therefore, the taxpayer has no statutory right to intervene in this proceeding.

*Id.* at 79–5020–21.[3]

The legislative history also supports this distinction between documents generated in two-party transactions, which are not within the ambit of Section 7609, and third-party records, which are within the ambit of Section 7609:

> For purposes of these rules, a third-party recordkeeper is generally to be a person engaged in making or keeping the records involving transactions of other persons. For example, an administrative summons served on a partnership, with respect to records of the partnership's own transactions, would not be subject to these rules.

S.Rep. No. 94–938, 94 Cong., 2d Sess., June 19, 1976, p. 369. The rights in Section 7609 to notice of the issuance of the I.R.S. summons and the opportunity to oppose its issuance were simply not designed to apply to recordkeepers not within the definitions of Section 7609(a)(3).

█ Apparently recognizing that a summoned person is a third-party recordkeeper only if that person is within one of the explicitly enumerated categories of Section 7609(a)(3), petitioners argue that State Farm "extends credit through loans on its insurance policies and it is that type of financial information that the I.R.S. is seeking in this case." Aside from the fact that petitioners' attempt to stretch the language of Section 7609(a)(3) to fit State Farm falls far short of the mark because that section expressly applies only to "(c) any person extending credit through the use of credit cards or similar devices," 26 U.S.C. § 7609(a)(3)(C), petitioners' argument ignores the fact that a summoned person is a

third-party recordkeeper only if two conditions are met: (1) the person facially falls within one of the enumerated categories in Section 7609(a)(3); and (2) the summons requests records kept in the person's role as a third-party recordkeeper.

Thus, in *United States v. Exxon Company, U.S.A.*, 450 F.Supp. 472, 477 (D.Md. 1978), the court held that Exxon was summoned not in its capacity as a "person extending credit through the use of credit cards or similar devices," but as a company with non-credit documents of its business transactions with those identified in the summons. Similarly, the court in *United States v. Manchel, Lundy & Lessin,* 477 F.Supp. 326 (E.D.Pa.1979), held that no notice is necessary if an I.R.S. summons issues to a law partnership for its own records, or for the employment records of an employee of the partnership, despite the fact that the summoned persons, as lawyers, fall facially within 7609(a)(3)(E). In addition, the court in *United States v. Gartland,* 79 F.R.D. 148 (D.Md.1978), held that banks, brokers, lawyers, and other enumerated "third-party recordkeepers" fall within § 7609(a)(3) only when they are summoned in their capacities as custodians of documents or stakeholders. As stated by the Court in *United States v. Shivlock,* 459 F.Supp. 1383, 1387 (D.Colo.1978), *aff'd sub nom., United States v. Income Realty and Mortgage, Inc.,* 612 F.2d 1224 (10th Cir.1979):

> The statutory history demonstrates that Section 7609 was aimed at protection from unreasonable prying in records of a taxpayer's own personal or business transactions, and I think it clear that there was no intent of Congress to protect all third-party records just because some of them not subject to the inquiry related to another person's investments or personal credit transactions. Not only does the statutory history so demonstrate, but on the face of the statute such is its aim. Those included are fi-

---

**3.** *See also Weimer v. IRS,* Civil Action No. 83–0342–R (E.D.Va.1983); *Brownie v. United States,* 51 A.F.T.R.2d 83–1088 (E.D.N.Y.1983); *United States v. Connecticut Motor Club,* 43 A.F.T.R.2d 79–460 (D.Conn.1978).

nancial institutions handling a person's bank accounts, credit agencies keeping records of a person's use of personal credit, brokers having records of personal investments, and attorneys and accountants knowing the inner workings of one's financial life. This is what Senate Report 94–938 said about the statute:

"... a third party recordkeeper is generally to be a person engaged in making or keeping the records involving the transactions of other persons."

The House agreed in its conference Report:

"... the agreement clarifies the definition of a third party recordkeeper, limiting this category to attorneys, accountants, banks, trust companies, credit unions, savings and loan institutions, credit reporting agencies, issuers of credit cards, and brokers in stock or other securities."

It just wouldn't make sense to say that employees of a company which uses credit cards or employees of a broker are immune from a tax investigation as to their earnings as employees when it would be open sesame if the employee worked for someone else.

*See also United States v. Ohio Bell Telephone Company,* 475 F.Supp. 697 (N.D. Ohio 1978).

■ In this case, although petitioners allege that State Farm "makes loans," petitioners have not alleged that the I.R.S. summons at issue here is seeking records or testimony of State Farm's activities as an "extender of credit through credit cards or similar devices." 26 U.S.C. § 7609(a)(3)(C). Nor do they allege that they themselves have ever been the recipients of "credit" from State Farm. Moreover, the I.R.S. summons does not request records of State Farm in its stakeholder capacity; rather, it seeks records of State Farm's own two-party business transactions with the petitioners. State Farm, therefore, neither falls facially within one of the categories specifically enumerated in Section 7609(a)(3), nor does the I.R.S. summons request third-party type records. Ac-

cordingly, this Court holds that State Farm is not a "third-party recordkeeper" within the meaning of 26 U.S.C. § 7609.

Petitioners' constitutional claims for damages are similarly without merit. *See, e.g., Provenza v. Rinaudo, et al.,* 586 F.Supp. 1113 (D.Md.1984) (court held that plaintiff's allegations of violation of constitutional rights by I.R.S. agents in summoning taxpayer's bank records failed to state a claim upon which relief could be granted); *Weimer, et al. v. Internal Revenue Service, et al.,* Civil Action No. 83–0342–R (E.D.Va. Sept. 14, 1983) (court dismissed petition seeking to quash I.R.S. summons issued to third party and claiming constitutional violations); *Schaut v. First Federal Savings and Loan Association of Chicago,* 560 F.Supp. 245 at 246 (N.D.Ill.1983) (court dismissed a damage action brought for violation of petitioners' right to privacy, stating that the I.R.S. agent was "specifically authorized by federal statute to investigate and issue I.R.S. summonses."); *Schultz v. Stark* and *Almond v. Stark,* 554 F.Supp. 1219 (E.D.Wisc.1983) (court held that plaintiffs' allegations of constitutional torts violating their rights to religious freedom and due process were frivolous because "the law is well settled as to the constitutionality of the withholding tax and the manner in which refunds are sought.").

Although the Court recognizes the principle that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could support the claim, *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the First Amended Complaint is replete with vague, conclusory, and unsupported allegations of violation of petitioners' First, Fourth, Fifth, and Ninth Amendments rights by the individual I.R.S. agents. Moreover, petitioners' brief opposing the government's motion to dismiss the First Amended Complaint does not assist the Court in determining the nature of the claimed violations; indeed, many of the cases cited by petitioners not only fail to support the contentions for which petition-

ers cite the cases, but to the contrary stand for precisely the opposite propositions.

For example, petitioners cite *United States v. Grayson County Bank*, 656 F.2d 1070 (5th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982), for the proposition that the "chilling effect of a summons served by an IRS agent to obtain membership records of a tax protester group ... [is] READILY APPARENT ..." [sic]. The Fifth Circuit in *Grayson County Bank*, however, in fact held that the I.R.S. was entitled to enforcement of administrative summons issued to secure access to certain bank records of a church as to which the taxpayer, also the minister of the church, had signature privileges. The *Grayson County Bank* court distinguished *United States v. Citizens State Bank*, 612 F.2d 1091 (8th Cir.1980), upon which petitioners here also rely, because in that case "the government issued a summons requesting *all* bank records relating to the taxpayer in question and of the organization of which he was president," 656 F.2d at 1074, whereas in *Grayson County State Bank*, the I.R.S. summons was limited to "(1) specified types of documents, (2) in which the taxpayer-minister had signature privilege, (3) for a restricted time span." *Id.* at 1074 n. 5. Here too, the scope of the I.R.S. summons to State Farm is limited to specified types of documents, relating to the petitioners-taxpayers, and for a restricted time span.[4]

■ Accordingly, petitioners' allegations of constitutional violations entitling them to damages fail to state a claim upon which relief may be granted, even under the standard enunciated in *Conley v. Gibson, supra*. The government's motion to dismiss for lack of federal jurisdiction and for failure to state a claim is, therefore, granted.

■ The government has also requested an award of attorneys' fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure, pursuant to 28 U.S.C.

§ 1927, and pursuant to the exception to the common law rule that each party bear its own costs enunciated by the Supreme Court in *Alyeska Pipelines Services Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975) and in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978), for frivolous actions brought in bad faith. After an extensive review of the briefs and all of the pleadings filed in this matter, the Court agrees with the government that the petitioners' First Amended Complaint is frivolous and appears to have been brought to delay the investigation of the two taxpayers by the Internal Revenue Service.

The government has cited ample authority for the imposition of attorneys' fees and costs, including several cases in which fees and costs were imposed as a sanction against taxpayers who brought similar petitions to quash I.R.S. summonses pursuant to 26 U.S.C. § 7609 allegedly because the summoned party was a third-party recordkeeper. *See, e.g., Brownie v. United States*, 51 A.F.T.R.2d 83–1088 (E.D.N.Y. 1983); *Costanzo v. Internal Revenue Service*, Civil Action No. 83–615 (D.N.J. filed May 11, 1983); *Tony's Trailer Repairs & Sales v. Internal Revenue Service*, Civil Action No. 83–616 (D.N.J. filed May 11, 1983); *Danar v. United States*, Civil Action 83–CV–0817DT (E.D.Mich. June 2, 1983); *Foote v. United States*, Civil Action No. 83–CV–6088–AA (E.D.Mich. filed June 23, 1984); *Olmschenk v. United States*, Civil No. 3–83–304 (D.Minn. filed June 14, 1983); *Olmschenk v. United States*, Civil No. 3–83–303 (D.Minn. filed July 5, 1983).

By contrast, petitioners have cited no authority for their contention that such a sanction is unwarranted here, asserting only in conclusory terms that "[t]his action was not brought in bad faith to impede a criminal investigation of Plaintiffs." The fact is, however, that petitioners have in-

---

**4.** *See* n. 1 for the text of the summons at issue here. Petitioners' assertion that this request seeks *all* State Farm documents relating to the Free Church Of The Creator and to Citizens For Just Taxation is groundless in light of the fact that it is limited by the specific context in which the summons is issued, i.e., "In the matter of Amos P. & Norma L. Davenport."

deed succeeded in delaying enforcement of the I.R.S. summons for well over a year. The original petition was without jurisdictional foundation, and it was dismissed for that reason after the petitioners twice failed to file a brief responding to the government's motion to dismiss. Moreover, the petitioners failed to cure the jurisdictional defect after having been granted the opportunity to do so in their First Amended Complaint, and the First Amended Complaint contains unsupported, conclusory allegations and advances frivolous claims which have been rejected time and again by courts across the country. Indeed, similar allegations were rejected in *United States v. White,* 44 A.F.T.R.2d 79–5019 (W.D.Mich.1979) where the court ruled in 1979 that an insurance agency is not a third-party recordkeeper.

This Court cannot condone the conduct of taxpayers who, desiring not to have an investigation by the Internal Revenue Service proceed, invoke the processes of this Court to delay or stop that investigation. Taking advantage of the petition to quash summons procedure provided for in 26 U.S.C. § 7609, a new procedure implemented to speed the enforcement of I.R.S. summonses, petitioners here have instead turned the statute on its head. Accordingly, this Court directs the government to submit, within ten days of the date of this Opinion, papers on which a determination may be made as to an appropriate sanction of attorneys' fees and costs. It is so ordered.