636 F.2d 203
 81-1 USTC P 9141
 UNITED STATES of America and Olin P. Melaragno, as Revenue
Agent of the Internal Revenue Service, Appellees,
v.
Loraine M. BERG, as Assistant Treasurer of Twin City Federal
Savings & Loan Association, and Twin City Federal Savings &
Loan Association, Phillip S. Fry, Individually and as
Trustee of Fry Family Trust; Susan Fry; Lawyers Publishing
Company; National Counsel to Eliminate Death Taxes; Law Book
Store, Inc., an Ohio Corporation; Discount Quickprint, Inc.,
a Delaware Corporation; Tax Information Center; Family
Health and Improvement Society; and Phillip S. Fry &
Associates, Appellants.
UNITED STATES of America and Olin P. Melaragno, as Revenue
Agent of the Internal Revenue Service, Appellees,
v.
R. N. WHITE, as President of First National Bank of
Coleraine, and First National Bank of Coleraine, Phillip S.
Fry, Individually and as Trustee of Fry Family Trust; Susan
Fry; Lawyers Publishing Company; National Counsel to
Eliminate Death Taxes; Law Book Store, Inc., an Ohio
Corporation; Discount Quickprint, Inc., a Delaware
Corporation; Tax Information Center; Family Health and
Improvement Society; and Phillip S. Fry & Associates, Appellants.
 No. 80-1432.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1980.
Decided Dec. 8, 1980.
 
 Kent B. Hanson, Minneapolis, Minn., for appellants, Phillip S. Fry, et al.
 Carleton D. Powell, Washington, D. C., for appellees.
 Before LAY, Chief Judge, HEANEY, Circuit Judge, and PORTER,* District Judge.
 PER CURIAM.
 
 
 1
 Taxpayers, Phillip and Susan Fry and eight entities,[1] appeal from two orders of the district court granting the government's petition for enforcement of two summonses issued to the respondent banking institutions by the Internal Revenue Service. After careful review of the entire file, counsel's briefs and oral argument, we determine that the orders of the district court should be affirmed.
 
 
 2
 The court below correctly determined that the government's burden was met upon the showing that the investigation was conducted for a legitimate purpose; that the information sought by the I.R.S. was not within the Commissioner's possession; and that the applicable procedural requirements were complied with. After the government made this showing, the burden shifted to the party opposing enforcement to demonstrate an abuse of process. See United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964); United States v. Moon, 616 F.2d 1043, 1045-1046 (8th Cir. 1980). The determination of the trial court that the respondents and intervenors failed to make a sufficient showing is supported by the record. The district court properly found that the investigation was initiated in good faith and for a proper purpose.
 
 
 3
 We furthermore determine that the district court properly dismissed the intervenor's argument that the Family Health and Improvement Society is a religious organization cloaked with tax-exempt status. There is no evidence in the record that would tend to indicate that the FHIS has such tax-exempt status. We agree with the court below that the bare assertion by affidavit, without the production of any evidence at the hearing, is simply not sufficient to sustain the appellants' assertion that the FHIS is a religious organization. We further agree that the I.R.S. summons involved here demanded documents that were necessary for determining the tax liability of Phillip and Susan Fry; it did not demand the production of books of account of a religious organization.[2]
 
 
 4
 The intervenors claim that the I.R.S. summonses must be quashed on the ground that the information that led to their issuance was obtained from improperly issued summonses served upon third-party record keepers. We agree with the court below that, on the basis of this record, the appellants cannot viably assert that the A. B. Dick Company or Lloyd's Companies are third-party record keepers. Section 7609 of the Internal Revenue Code demands that notice be sent to the person "identified in the description of the books and records contained in the summons as the person relating to whose business or transactions the books or records are kept." H.R.Rep.No.94-658, 94th Cong., 2d Sess. 307, reprinted in (1976) U.S.Code Cong. & Admin.News, pp. 2897, 3204. The statute contemplates that notice will be required when the person's records of his business transactions are kept by a third party. The third-party record keeper is a person who normally engages in "making or keeping the records involving transactions of other persons." S.Rep.No.94-938, 94th Cong., 2d Sess. 369, reprinted in (1976) U.S.Code Cong. & Admin.News, pp. 2897, 3798; see United States v. Exxon Co., 450 F.Supp. 472, 476-477 (D.Md.1978).
 
 
 5
 Alternatively, in this case, the I.R.S. summoned the production of the records of the companies' own transactions with the taxpayers; section 7609 is inapplicable in such a case. See United States v. Shivlock, 459 F.Supp. 1383, 1385-1387 (D.Colo.1978), aff'd sub nom. United States v. Income Realty and Mortg., Inc., 612 F.2d 1224, 1226 (10th Cir. 1979), cert. denied, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 809 (1980); United States v. J. Joseph Gartland, Inc., 79 F.R.D. 148, 149-150 (D.Md.1978).
 
 
 6
 Finally, we determine that the lower court properly denied intervenors' discovery requests. See United States v. Moon, supra, 616 F.2d at 1047.
 
 
 7
 The orders of the district court enforcing the two I.R.S. summonses are affirmed.
 
 
 
 *
 DONALD J. PORTER, United States District Judge, for the District of South Dakota, sitting by designation
 
 
 [1]
 Mr. Fry is president, trustee or the agent of the entities which were granted leave to intervene in the present action. The entities are: Fry Family Trust; Lawyers Publishing Company; National Counsel to Eliminate Death Taxes; Law Book Store, Inc., an Ohio corporation; Discount Quickprint, Inc., a Delaware corporation; Tax Information Center; Family Health and Improvement Society; and Phillip S. Fry & Associates
 
 
 [2]
 We also determine the district court properly ruled that the intervenors' contention that enforcement of the summons would infringe their constitutionally protected associational rights, as well as the rights of others, was purely speculative and not supported by the record. In so holding, we adhere to our ruling in United States v. Citizens State Bank, 612 F.2d 1091 (8th Cir. 1980), that I.R.S. summonses must be enforced in a way that the associational rights of members of a religious organization are not infringed
 In Citizens State Bank, we remanded the case to the district court for it to consider, for the first time, whether compelled disclosure of all the records sought would infringe appellants' associational rights. In this case, the court below addressed itself to that issue and determined that the intervenors failed to show a likely infringement of First Amendment rights, thus complying with our direction in Citizens State Bank. See id. at 1094.