UNITED STATES of America and David N. Fox, Estate Tax Attorney, Internal Revenue Service, Appellants,

v.

Duke Bowers CLEMENT, as Executor of the Estate of Jack W. Rich; The Estate of Jack W. Rich; Duke Bowers Clement, as president of Avondale Apartments, Inc.; Avondale Apartments, Inc.; Duke Bowers Clement, as Chairman of the Board of Guaranty Loan and Real Estate Company; Guaranty Loan and Real Estate Company; Duke Bowers Clement, as vice-president of Holiday Gardens, Inc.; Holiday Gardens, Inc.; Duke Bowers Clement, a partner in partnerships known as the Holtex Company, the Holpaso Company, the Holso Company, the Holtus Company; The Holtex Company; The Holpaso Company; The Holso Company; The Holtus Company; Duke Bowers Clement, as president of Imperial Homes, Inc.; Imperial Homes, Inc.; Duke Bowers Clement, as president of Mayfair Apartments, Inc.; Mayfair Apartments, Inc.; Duke Bowers Clement, a joint adventurer in a joint venture known as Mid-Continent Building; Mid-Continent Building; Duke Bowers Clement, a partner in partnerships known as Rich-Clement-Norfleet and Mayfair Two; Rich-Clement-Norfleet; and Mayfair Two, Appellees.

No. 81–1287.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1981.

Decided Jan. 27, 1982.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Donald B. Susswein, argued, Attys., Tax Division, Dept. of Justice, Washington, D.C., for appellants; George W. Proctor, U.S. Atty., Little Rock, Ark., of counsel.

Byron M. Eiseman, Lewis H. Mathis, argued, James M. Saxton, Friday, Eldredge & Clark, Little Rock, Ark., for appellants.

Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* Chief District Judge.

BENSON, Chief District Judge.

The government appeals from the district court's order denying the government's petition to enforce nine Internal Revenue summonses. For the reasons discussed below, we reverse and remand with instructions to enforce the summonses.

Jack W. Rich died testate on December 9, 1976. Respondent-appellee Duke Bowers Clement was one of two executors for the estate. On May 20, 1977, a Federal Estate Tax Return disclosing a tax liability in the amount of $881,546.07 was filed with the Internal Revenue Service District Director in Little Rock, Arkansas. On September 9, 1977, $881,546.07 was paid. Later in September of 1977, the estate tax return was audited by estate tax agent N. D. Huneycutt. Agent Huneycutt determined that an additional $444,294.01 plus interest was due, primarily because several assets in the estate had been undervalued. The additional payment was made and on November 10, 1977 an "Acceptance of Estate Tax Return" was transmitted to the executors and beneficiaries of the estate. The acceptance was subject to Rev.Proc. 74–5 which provides in section 4 as follows:

.01 The Internal Revenue Service will not reopen any case closed after examination by a district office service center or Office of International Operations to make an adjustment unfavorable to the taxpayer unless:

1. There is evidence of fraud, malfeasance, collusion, concealment or misrepresentation of a material fact; or

2. The prior closing involved a clearly defined substantial error based on an established Service position existing at the time of the previous examination; or

3. Other circumstances exist which indicate failure to reopen would be a serious administrative omission.

.02 All reopening must be approved by the District Director or by the Director of International Operations for cases under his jurisdiction. If an additional inspection of the taxpayer's books of account is necessary, the notice to the taxpayer required by section 7605(b) of the Code must be signed by the District Director, or by the Director of International Operations for cases under his jurisdiction.

Rev.Proc. 74–5, 1974–1 Cum.Bull. 416.

In June of 1978, the Internal Revenue Service (IRS) learned that the estate tax return may have seriously undervalued assets, particularly real property, in which the decedent and Clement had varying ownership interests. After an investigation, IRS determined that a reexamination of the tax return was necessary. The executors of the estate were notified of the reexamination on October 4, 1979. The executors opposed the reexamination and declined to cooperate.

To ascertain the value of the estate assets, the Internal Revenue Service, on November 19, 1979, served nine summonses upon Clement in his capacity as executor and as an officer or principal of various businesses in which he and the decedent had an interest. The summonses were issued pursuant to section 7602 of the Internal

---

* Paul Benson, Chief District Judge, District of North Dakota, sitting by designation.

Revenue Code of 1954, 26 U.S.C. § 7602.[1] Clement refused to comply with the summonses. On March 25, 1980, IRS petitioned the court for enforcement of the summonses as provided under sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b)[2] and 7604(a).[3] On April 23, 1980, the district court issued an order to show cause why the nine summonses should not be enforced. Following discovery proceedings and a hearing on the show cause order, the district court denied enforcement of the summonses by order dated January 14, 1981.

 The facts relating to the procedures followed in this case are not in dispute, and the issue before the court is a legal one. A showing of probable cause is not required to obtain the enforcement of an IRS summons. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). IRS need only show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been fol-

lowed. . . ." *Id.* at 57–58, 85 S.Ct. at 254–55.

If the IRS has established a prima facie case, Clement can prevail only by a showing that enforcement of the summonses would be an abuse of the court's process. *Id.* at 58, 85 S.Ct. at 254–55. *United States v. Berg*, 636 F.2d 203, 205 (8th Cir. 1980); *United States v. Moon*, 616 F.2d 1043, 1045–46 (8th Cir. 1980).

The district court held that IRS had acted arbitrarily, in bad faith and without a legitimate purpose because (1) the reexamination was not based on a suspicion of fraud or wrongdoing on the part of the estate representative, but was prompted by a determination that the initial examiner, Huneycutt, failed to use an accepted method of valuation; (2) the records requested for the reexamination were made available to Huneycutt in the first examination; and (3) the government improperly delayed notifying the executors of the possibility of error in the estate. The court also found the summonses were overly broad and viewed the Internal Revenue Service actions in referring Mr. Clement to the Criminal Investigation Division[4] and in issuing notice of a

---

1. Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602 provides:

 For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—
 
 (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
 
 (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

 (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

2. Section 7402(b) of the Internal Revenue Code of 1954, 26 U.S.C. § 7402(b), provides:

 If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

3. Section 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7604(a), grants the district court jurisdiction to enforce summonses.

4. On February 5, 1980, after the summonses in question were issued, government tax attorney Fox requested Clement be investigated by the Criminal Investigation Division of the Internal Revenue Service. On May 5, 1980, Clement was notified that he was no longer the subject of a criminal investigation. In any event, *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), requires only that summonses be issued "before the Service recommends to the Department of

huge tax deficiency [5] as harassment.

We note the district court did not find that IRS had failed to establish a prima facie case. While we do not stamp the imprimatur of the court on all of the procedures followed by the IRS in this case, we do hold from our examination of the record that IRS has met the requirements of *Powell* and has clearly established a prima facie case for the enforcement of the summonses. The purpose of the investigation, (to determine whether the estate tax return was properly completed with accurate estate tax valuation) is legitimate; the information sought in the summonses is relevant to that purpose because it relates to property in which the decedent had an interest; IRS does not already have the information sought; and IRS has complied with the administrative steps required by the Code.[6]

We further hold the district court's conclusion that IRS through its investigative procedures had abused the process of the court is not, as a matter of law, supported by its findings hereinbefore set out in this opinion. Congress has vested broad investigative powers in IRS. 26 U.S.C. § 7602 and related statutes; *United States v. Powell*, 379 U.S. 48 at 56–57, 85 S.Ct. at 254 (1964); *United States v. Matras*, 487 F.2d 1271, 1274 (8th Cir. 1973). The enforcement of an IRS summons may be subjected to a "good faith" inquiry but the judiciary should not go beyond the requirements of the statute and force IRS to litigate the reasonableness of its investigative procedures prior to obtaining judicial enforcement of the summons.

IRS has properly complied with the good faith standard enunciated in *Powell* and reiterated in *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). It has not abused the court's process in seeking to enforce its summonses in this case.

Reversed and remanded with instructions to enforce the summonses.

---

Justice that a criminal prosecution . . . be undertaken." *Id.* at 318, 98 S.Ct. at 2368. In this case, no such recommendation had been made.

**5.** Notice of deficiency in the amount of $7,842,-228.07 was sent to the executors of the Rich estate on July 9, 1980. Ordinarily, assessment of further tax is subject to a three year statute of limitations. 26 U.S.C. § 6501(a). The three year period runs from the date the tax return was filed; in this case, September 9, 1977. Thus the period of limitations, absent fraud, would expire on September 9, 1980, just two months after the notice of deficiency was issued. The government concedes, however, that the period of limitations is extended one year beyond this date because the assessment is against a transferee of property of a decedent. 26 U.S.C. § 6901(c). The fact that the notice of deficiency was sent one year and two months before the expiration of the statute of limitations is not *ipso facto* indicative of bad faith on the part of the Internal Revenue Service. IRS admitted at argument before this court that if the summonses were enforced, its examination of the records may disclose a deficiency smaller than that stated in the notice, but contended that the estimated deficiency is substantial.

**6.** At the May 21, 1980 show cause hearing, Walter T. Coppinger testified that he was the Regional Commissioner of Internal Revenue for the Southwest Region at the time of the decision to reexamine the Rich estate tax return. As Regional Commissioner, he determined that the Rich estate should be reexamined under Rev.Proc. 74–5 § 4, .01, 1 and 3, *supra* because it appeared that material facts had been concealed or there may have been some collusion with respect to the examination. It further appeared that in view of the very large sums of money involved, it would be a serious administrative error not to reexamine the estate. This decision was subsequently approved by the District Director, Paul Williams. Thus, the Service complied with the requirements of 26 U.S.C. § 7605(b) and Rev.Proc. 74–5. Section 7605(b) provides:

No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

Section 7605(b) of the Internal Revenue Code of 1954, 26 U.S.C. § 7605(b).

Clement suggests that the decision to reexamine the estate tax was improper because the District Director did not personally conduct the investigation which resulted in the decision. The suggestion is without merit.