**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary W. BASS, Defendant-Appellant.**

No. 83–2581.

United States Court of Appeals,
Fifth Circuit.

March 18, 1986.

Gary W. Bass pro se.

Scott McLarty, Athens, Ga., for defendant-appellant.

Bob Wortham, U.S. Atty., Paul E. Naman, Asst. U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before GOLDBERG, HILL, and JONES, Circuit Judges:

EDITH HOLLAN JONES, Circuit Judge:

The appellant, Gary W. Bass, was convicted by a jury of nine counts of willfully submitting false or fraudulent income tax withholding exemption statements to his employers in violation of § 7205 of the Internal Revenue Code.[1] On appeal, Bass asserts seven points of error,[2] including (1) that the district court should not have instructed the jury that, as a matter of law, he was an "employee," and (2) that the disclosure of his employment records was in violation of the notice provisions of 26 U.S.C. § 7609.

This court finds that the district court usurped the role of the jury as the factfinder when it instructed that, as a matter of law, Bass was an "employee." Because this instruction directed a verdict as to an essential element of the offense charged, we reverse Bass's conviction and remand for a new trial.

## I.

On May 27, 1983, following initial mistrial, a superseding indictment was brought charging Bass with nine counts of willfully submitting false or fraudulent Employee's Withholding Allowance Certificates (Form W–4) in violation of 26 U.S.C. § 7205.

Bass elected to represent himself with court-appointed standby counsel. This time, the jury returned a verdict of guilty on all nine counts. Bass was sentenced to one year on each of the first five counts, the sentences to be served consecutively, and conditional probation thereafter.

## II.

Instructing the jury on the nature of the offense, the district court stated that:

Gary Bass is charged with the violation of 26 United States Code, Section 7205, pursuant to 26 United States Code, Section 3402–F2A. Section 26 U.S.C., Section 3402–F2A provides as follows: "On or before the date of the commencement of employment with an employer the employee shall furnish the employer with a signed withholding exemption certificate relating to the number of withholding exemptions which the employee claims which shall in no event exceed the number to which he is entitled."

26 United States Code, Section 7205 provides in part as follows: "Any individual required to supply information to his employer under Section 3402", [sic] that I just read to you, "who willfully supplies false or fraudulent information or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under Section 3402 shall be guilty of an offense against the United States."

---

1. Section 7205 of the Internal Revenue Code provides, in pertinent part:

    Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in addition to any other penalty provided by law, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

    26 U.S.C. § 7205(a). Section 3402(f)(2)(A) requires an employee to submit a withholding exemption statement upon commencing employment:

    On or before the date of the commencement of employment with an employer, the employ-

ee shall furnish the employer with a signed withholding exemption certificate relating to the number of withholding exemptions which he claims, which shall in no event exceed the number to which he is entitled.

26 U.S.C. § 3402(f)(2)(A).

2. Our disposition of the case on the stated basis renders unnecessary a review of all of Bass's contentions. We note, however, that his retrial on a superseding indictment following a mistrial in his first case did not place him in double jeopardy. *See Richardson v. United States,* 468 U.S. 317, ——, 104 S.Ct. 3081, 3085, 82 L.Ed.2d 242, 249–50 (1984); *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717, 730 (1978); *Fay v. McCotter,* 765 F.2d 475, 477 (5th Cir.1985).

Now in order to prove a violation of 26 United States Code, 7205, the Government must prove four things. First, the Defendant was required to complete and file the Internal Revenue Service form W–4 with his employer, certifying certain information as to entitlement [to] withholding tax allowances; and two, that the Defendant did complete and file such a W–4 form; and three, that the information supplied by the Defendant to his employer as required under the W–4 forms was false or fraudulent as charged; and four, that the Defendant's conduct in supplying false or fraudulent information to his employer was done willfully.

The court then explained to the jury the defenses raised by the defendant: first, Bass "claimed that he was not an employee for the purpose of supplying withholding information on a W–4 to his employer," and second, Bass contended he "did not act willfully in that he was under a good faith belief that he was acting in accordance with the law." The court then stated:

You are instructed that as a matter of law the Defendant in this case was an employee of Sabine Industries and B & B Insulation Company and ANCO Insulation, Incorporated for the years 1980 [sic], and Owens-Corning Fiberglas Corporation for '81 and '82 and for Jacob Weese Constructors, Incorporated for the year 1982.

Bass's objection to this instruction was overruled. On appeal, Bass asserts that this instruction improperly removed the question whether he was an employee from the jury and that the court erroneously directed a verdict against him. We agree.

■ In *United States v. Herzog*, 632 F.2d 469 (5th Cir.1980), this court held that "employee status" was an essential element of the offense of submitting false or fraudulent W–4 forms:

The section 3402 obligation to file a withholding certificate applies to any "employee." I.R.C. § 3402(f)(2)(A). Since the section 3402 obligation is a prerequisite to liability under section

7205, [the defendant] could not be guilty of the offense charged, unless he was an "employee" at the times he submitted the withholding forms that are the subject of the indictment. Thus, [the defendant's] employee status was an "essential element" of the offense.

*Id.* at 472 (citing, *inter alia, United States v. Johnson*, 576 F.2d 1331, 1332 (8th Cir. 1978) (per curiam); *United States v. Smith*, 487 F.2d 329, 330 (9th Cir.1973) (per curiam), *cert. denied*, 416 U.S. 989, 94 S.Ct. 2396, 40 L.Ed.2d 767 (1974)). *See also United States v. Ferguson*, 615 F.Supp. 8, 10 (S.D.Ind.1985). Here, the district court's instructions properly defined the essential elements of the offense charged. Nevertheless, by further instructing the jury that Bass was an employee, the district court removed that element of the offense from the jury's consideration. This was improper.

The due process clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *United States v. Johnson*, 718 F.2d 1317, 1320 (5th Cir.1983) (en banc) (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970)). "This means that the prosecution must prove beyond a reasonable doubt the defendant's guilt of 'every element of the charged offense.'" *Id.* at 1320–21 (quoting *Moore v. United States*, 429 U.S. 20, 22, 97 S.Ct. 29, 30, 50 L.Ed.2d 25, 28 (1976) (per curiam)). "'[A] judge may not direct a verdict of guilty no matter how conclusive the evidence.'" *Connecticut v. Johnson*, 460 U.S. 73, 83, 103 S.Ct. 969, 975, 74 L.Ed.2d 823, 832 (1983) (plurality opinion) (quoting *United Brotherhood of Carpenters & Joiners v. United States*, 330 U.S. 395, 408, 67 S.Ct. 775, 782, 91 L.Ed. 973, 985 (1947)). *See also United States v. Ragsdale*, 438 F.2d 21, 27 (5th Cir.), *cert. denied*, 403 U.S. 919, 91 S.Ct. 2231, 29 L.Ed.2d 696 (1971). Here, by instructing the jury that Bass was an employee, the district court relieved the prosecution of its duty of proving, beyond a

reasonable doubt, Bass's guilt of *every* element of the offense charged. "[B]ecause the government is never entitled to a directed verdict in a criminal jury trial," *United States v. Burton*, 737 F.2d 439, 441 (5th Cir.1984), Bass's conviction must be reversed.[3]

The Government asserts that the district court's instruction did not go to the issue whether Bass was required to file or whether he actually filed W–4 forms with his employers. Instead, the Government asserts that this instruction merely told the jury that Bass worked for these various employers during the times in question and that, because the fact of his employment was undisputed, Bass suffered no prejudice by this instruction. We have thoroughly reviewed the jury charge and can find no language which would have so limited the instruction.[4]

Unlike *Herzog*, the error here was prejudicial. In *Herzog*, the district court failed to instruct the jury that employee status was an essential element of a § 7205 offense. The defendant neither disputed that he was an employee nor objected to the jury instructions. 632 F.2d at 472. To the contrary, the jury in this case was properly instructed that employee status was an essential element of the offense. The court then directed a partial verdict by telling the jury that Bass was, as a matter of law, an

employee. Bass did object to the instruction. Because one of Bass's defenses was that he was not an "employee," we cannot conclude that the instruction was harmless error.

Although our disposition of the jury instruction issue renders consideration of Bass's remaining assertions of error unnecessary, we will address another issue that will likely arise in the context of the new trial in this case.

### III.

Bass asserts that the Government violated 26 U.S.C. § 7609 by serving summonses on third-party recordkeepers without affording him proper notice.[5] Bass states that the Government obtained his employment records from his alleged employers by issuing summonses. The Government merely acknowledges that it collected employment data from Bass's employers, except in one instance where an employer's records were destroyed in a fire and the employer's bank provided the records to the employer. The record does not indicate that any summonses were issued.

■ Even assuming, *arguendo*, that summonses were issued to Bass's former employers, those employers are not third-party recordkeepers for purposes of the

---

3. There are two historical exceptions to the general principle that the trial court must submit every essential element of the offense to the jury: questions of pertinency and materiality. *See Johnson*, 718 F.2d at 1323–24. *See, e.g., United States v. Ortiz-Loya*, 777 F.2d 973, 982–83 (5th Cir.1985); *United States v. Bryant*, 770 F.2d 1283, 1289–90 (5th Cir.1985); *United States v. Swaim*, 757 F.2d 1530, 1534 (5th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 81, 88 L.Ed.2d 66 (1985); *United States v. Hausmann*, 711 F.2d 615, 616–18 (5th Cir.1983) (per curiam). Neither of these exceptions is applicable here.

4. Furthermore, in its rebuttal closing argument, the Government relied on the court's instruction regarding Bass's status as an employee to argue his guilt: "One of the things the Judge told you in his instructions is by law, he instructed you *this Defendant was an employee in all of those instances and that is the law.* ... [I]f he was an employee, he had to file a W–4."

5. Subsection (a)(1) of § 7609 provides, in pertinent part:

[If] (A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and

(B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified.... Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

26 U.S.C. § 7609(a)(1)(A), (B).

statute.[6] This Circuit has held that the notice provisions of § 7609 are inapplicable to any summonses served on employers for production of their records. *See United States v. Brewer*, 681 F.2d 973, 975 (5th Cir.1982) ("26 U.S.C. § 7609 is inapplicable to an employer as a third-party recordkeeper") (per curiam). *See also Rapp v. Comm'r*, 774 F.2d 932, 934 (9th Cir.1985); *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir.1985); *United States v. Berg*, 636 F.2d 203, 205–06 (8th Cir.1980) (per curiam); *United States v. Income Realty and Mortgage, Inc.*, 612 F.2d 1224, 1226 (10th Cir.1979), *cert. denied* 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 809 (1980). Thus, Bass was not entitled to notice of any summonses issued to his former employers.

■ One of Bass's former employers, H & F Insulation, was required to obtain from its bank copies of checks drawn on its account made payable to Bass because the original records had been lost in a fire. The bookkeeper at that bank testified that she reproduced the records at H & F's request. Bass asserts that the bank falls within the literal definition of a third-party recordkeeper under the statute and, thus, that he was entitled to notice before the bank disbursed any of H & F's records which related to him. This assertion has no merit.

■ There was no evidence at trial that the IRS issued a summons to the bank. Without issuance of a summons, there is no entitlement to notice. *See* 26 U.S.C. § 7609(a)(1). *See also Brewer*, 681 F.2d at 975. There was testimony at trial from which it might be inferred that a summons issued to H & F was forwarded to the bank along with H & F's written request for copies of the records. Such a procedure would not entitle Bass to notice that the bank was going to disburse H & F's payroll records. A company's attempt to comply with an administrative summons by requesting copies of its financial records from its financial institution could no more trigger the notice provisions of § 7609 than the company's compliance itself. *See* S.Rep. No. 938, 94th Cong., 2d Sess. 369, *reprinted in* 1976 U.S.Code Cong. & Ad. News 2897, 3798 ("an administrative summons served on a partnership, with respect to records of the partnership's own transactions, would not be subject to [§ 7609's notice provisions]").

■ Finally, even assuming, *arguendo*, that a summons was issued to the bank, the bank was not a third-party recordkeeper with respect to Bass for purposes of § 7609. The statute contemplates that notice will be required when records of a taxpayer's business transactions are kept by a third party. *See Berg*, 636 F.2d at 206. A third-party recordkeeper as defined by the statute is generally engaged in recording data concerning business transactions between the taxpayer and parties other than the summoned recordkeeper. *See Rapp*, 774 F.2d at 934. *See generally United States v. New York Tel. Co.*, 682 F.2d 313, 315–17 (2d Cir.1982). The purpose of an administrative summons is to obtain these third-party records. *See* S.Rep. No. 938, 94th Cong., 2d Sess. 367–70, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3796–99; H.R.Rep. No. 658, 94th Cong., 2d Sess. 306–08, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3202–04. Employment records are not the type of records contemplated by 26 U.S.C. § 7609. *See Ponsford*, 771 F.2d at 1308; *Income Realty*, 612 F.2d at 1226. Here, assuming the bank had been served with a summons, H & F would have been the party entitled to notice, not Bass, because it was H & F's

---

**6.** The Internal Revenue Code defines a third-party recordkeeper for purposes of § 7609 as:

   (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank ... or any credit union ...;

   (B) any consumer reporting agency ...;
   (C) any person extending credit through the use of credit cards or similar devices;
   (D) any [securities] broker ...;
   (E) any attorney;
   (F) any accountant; and
   (G) any barter exchange....
26 U.S.C. § 7609(a)(3)(A)–(G).

records that would have been the subject of the summons. *See* S.Rep. No. 938, 94th Cong., 2d Sess. 369, *reprinted in* 1976 U.S. Code Cong. & Ad.News 3798 ("For example, if the [IRS] summons a bank to furnish records with respect to all deposits and withdrawals of the X corporation for the year 1976, the X corporation is to receive notice of the summons, because it is the records concerning the transactions of the X corporation which are being examined") (footnote omitted).[7]

Accordingly, Bass's conviction is REVERSED and this cause is REMANDED for a new trial.

---

7. Further, because Bass had no proprietary interest in the records sought from the bank, he lacked standing to quash the summons. *Cf. Donaldson v. United States,* 400 U.S. 517, 530–31, 91 S.Ct. 534, 542, 27 L.Ed.2d 580, 589 (1971) (permissive intervention denied where taxpayer had no proprietary interest in the records sought to be produced).