**John DOE, John Doe I, John Doe II through John Doe VIII, Petitioners,**

v.

**UNITED STATES of America, Acting By and Through the DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, KNOXVILLE, TENNESSEE, Respondent.**

**Misc. Nos. 90/998 to 90/1000.**

United States District Court, E.D. Tennessee, N.D.

May 23, 1991.

Ralph E. Harwell, Harwell, Baumgartner & Willis, W. Thomas Dillard, Ritchie, Fels & Dillard, Knoxville, Tenn., and Goldstein, Goldstein & Hilley, San Antonio, Tex., for petitioners.

Jose Francisco DeLeon, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondent.

Hal D. Hardin, Nashville, Tenn., for amicus curiae Tennessee Bar Ass'n.

## MEMORANDUM OPINION

JARVIS, District Judge.

These three petitions ask this court to quash summonses issued by the Internal Revenue Service (IRS) to the law firms of Ritchie, Fels & Dillard, P.C. and Harwell, Baumgartner & Willis, P.A. (hereinafter "the law firms"). The petitioners are unnamed clients of the two law firms and the petitions are said to arise under 26 U.S.C. § 7609. The two law firms themselves have also intervened in these actions. Currently pending are the respondent's motions to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), Federal Rules of Civil Procedure. Because I agree that this court lacks subject matter jurisdiction in these cases, the motions to dismiss are granted.

## I.

### Petitioners' Factual Allegations

For purposes of the pending motions, the factual allegations made in the petitioners' petitions will be considered in the light most favorable to the petitioners.

26 U.S.C. § 6050I(a) requires any person who is engaged in trade or business, and who, in the course of such trade or business, receives more than $10,000 in cash in one transaction, to make a tax return reporting the transaction. The return is required to be in such form as the Secretary prescribes (Form 8300), and is to contain the name, address, and tax identification number of the person from whom the cash was received; the amount received; the date and nature of the transaction; and such other information as the Secretary requires. Section 6050I(b); see generally, 26 C.F.R. 1.6050I–1, 1.6050I–1T (implementing an interpretative regulation). In early 1990, the IRS issued summonses to the law firms requesting information pertaining to Forms 8300 which the law firms filed. These Forms 8300 record payments of more than $10,000 each to the law firms from clients who are identified as "John Does" on the forms. Essentially, the summonses seek to require the law firms to provide records and information which would disclose the identity of these clients who paid cash fees in excess of $10,000 each to the law firms.

The law firms allege that these clients have directed them not to disclose their identities to the IRS, based on the attorney/client privilege. Further, the law firms have refused to disclose the John Does' identities based upon the attorney/client privilege, the mandates of the Code of Professional Responsibility, the Advisory Ethics Opinion of the Supreme Court of Tennessee, and the prohibitions of Tennessee law. Further, the law firm of Ritchie, Fels & Dillard alleges that Revenue Agent Rhonda Winter advised the law firm that it is not the subject of any IRS investigation of the firm's tax liability or compliance with the IRS Code. Finally, the petitioners allege that this information is sought for the purposes of determining the identity of the John Doe clients.

The petitioners have petitioned the court to quash the summonses issued pursuant to 26 U.S.C. § 7609.

## II.

### Applicable Legal Standards

■ On the Government's motion to dismiss, the petition must be viewed in the light most favorable to the petitioner. The petition should not be dismissed if it can reasonably be conceived that petitioner can make a case on trial which would entitle him to some relief. Madison v. Purdy, 410 F.2d 99 (5th Cir.1969). The allegations of the petition should be taken as true for purposes of the determination of a motion to dismiss. Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

The petitioners base their allegations of subject matter jurisdiction on the following:

(1) that the law firms are "third-party record keepers" pursuant to 26 U.S.C. § 7609(a)(3);

(2) that the summonses in question are "John Doe" summonses pursuant to 26 U.S.C. § 7609(f);

(3) the court's supervisory power to enforce its own code of professional conduct; and

(4) the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Government disputes each of these bases for jurisdiction.

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). The United States, as sovereign, may not be sued without its consent. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). No suit may be maintained against the sovereign unless the suit is brought in exact compliance with the terms of the statute under which the sovereign has consented to be sued. *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

### III.

#### *Analysis*

IRS summonses are not self-enforcing. *Reisman v. Caplin*, 375 U.S. 440, 445–46, 84 S.Ct. 508, 511–12, 11 L.Ed.2d 459 (1964). Instead, district courts are given the power to enforce such summonses upon a proper showing. *See* 26 U.S.C. §§ 7402(b), 7604. At an enforcement proceeding, "the witness may challenge the summons on any appropriate ground," including "the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, as well as that it is protected by the attorney-client privilege." *Reisman*, 375 U.S. at 449, 84 S.Ct. at 513. Generally, the opportunity to be heard in connection with an enforcement proceeding offers the witness or the taxpayer sufficient due process, and neither the summoned witness nor the taxpayer may act pre-emptively to enjoin a summons which the IRS has not sought to enforce. *Id.*, at 450, 84 S.Ct. at 514. There are at least two statutory exceptions to this general rule, both of which the petitioners rely upon. The first is the "third-party record-keeper summons" pursuant to 26 U.S.C. § 7609. The second is the "John Doe summons" pursuant to 26 U.S.C. § 7609(f).

As a general rule, neither a summoned party nor the taxpayer under investigation has any right to initiate an action to quash a summons or to prevent the summoned party from complying voluntarily. *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). Section 7609 of the Code creates limited exceptions to that rule with respect to summonses issued to statutorily enumerated "third-party recordkeepers" and the so-called "John Doe summonses". Section 7609 gives taxpayers certain notice of procedural rights in a case of third-party summonses. Section 7609(a) provides as follows:

Notice.—

(1) *In general.*—If—

(A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and

(B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

The rights created by § 7609 extend to summonses issued pursuant to § 7602(a)(2), as are the summonses challenged here. Section 7609(b) provides that any person entitled to notice of the summons may bring an action to quash the summons in the appropriate district court, and § 7609(h) confers jurisdiction to hear that action upon the United States District Court for the district in which the summoned party

resides or may be found. Section 7609(a)(3)(E) provides that among those considered to be a "third-party recordkeeper" is "any attorney."

This action is purportedly brought by the John Doe clients pursuant to § 7609(b)(2)(A), with the law firms intervening as the third-party recordkeepers. The IRS contends that the law firms are simply not third-party recordkeepers and therefore the court lacks jurisdiction under § 7609.

■■■ Petitioners point out that included among those considered to be "third-party recordkeepers" is "any attorney". 26 U.S.C. § 7609(a)(3)(E). However, it is simply not enough to be "any attorney" to fall within the protections of § 7609. Section 7609(a)(1)(B) indicates that the section only applies if "the summons requires the production of any portions of records made or kept of the business transactions or affairs of any person (other than the person summoned)." Congress' concern in passing § 7609 was that a taxpayer's business records in the hands of a caretaker not be produced to the IRS unless the taxpayer is given notice and an opportunity to challenge the production. In this case, the summonses served upon the law firms do not require the production of records made or kept of the business transactions or affairs of any person other than the law firms. An attorney served with a summons seeking records of his own transactions in connection with an investigation into his own tax or filing obligations is not a "third-party recordkeeper", even though the records may incidentally reveal information about some other individual. *United States v. Berg*, 636 F.2d 203, 206 (8th Cir.1980); *United States v. Bass*, 784 F.2d 1282, 1286 (5th Cir.1986). In this case, the summonses were issued to the law firms to obtain records of their own business transactions to obtain information that they failed to supply on the Forms 8300. Under the circumstances, these are not third-party recordkeeper summonses and therefore § 7609 provides no jurisdiction.

Moreover, § 7609(a)(4) specifically excepts from the notice requirement "any summons served on the person with respect to whose liability the summons is issued, or any officer or employee of such person." In this case, the law firms are the persons with respect to whose liability the summonses are issued. Although the records sought pertain to the clients, they are not the clients' records, they are not records of the clients' transactions with third-parties, and they are not prepared or maintained by the law firms on behalf of their clients. Although it is conceded that the IRS is concerned with the identity of the clients, another focus of the summonses is the records that the law firms are required to maintain of their own income. Under the circumstances, the law firms are both the summoned persons and the taxpayers.

■■■ Petitioners also argue that the summonses are "John Doe summonses" and should be quashed because the IRS has not complied with the requirements of § 7609(f). That section provides as follows:

> (f) **Additional requirement in the case of a John Doe Summons.**—Any summons described in subsection (c) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons, (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of the Internal Revenue law, and (3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

26 U.S.C. § 7609(f). This section allows the IRS to apply to a district court *ex parte* for a John Doe summons. By virtue of the language of the statute, a John Doe summons is one "which does not identify the person with respect to whose liability the

summons is issued." However, in this case, the person "with respect to whose liability the summons is issued" is clearly the particular law firm.

The petitioners contend that these are John Doe summonses because the Government has no interest in the law firm's obligations under the IRS Code, but are merely seeking to identify their clients. In *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 317 n. 5, 105 S.Ct. 725, 729 n. 5, 83 L.Ed.2d 678 (1985), the Court held that where, pursuant to § 7602(a), the IRS serves a summons on a known taxpayer with the dual purpose of investigating both the taxpayer's tax liability and unnamed parties' tax liabilities, it need not comply with § 7609(f), as long as all of the information sought is relevant to a legitimate investigation of the summoned taxpayer. The court noted that it is irrelevant whether obtaining other information was the IRS's "primary or secondary purpose"; "all that matters is that the IRS was pursuing a legitimate investigation of [the taxpayer]." *Id.* at n. 5. Even if the IRS's primary purpose is to find out the identity of the law firm's clients, the IRS still has a legitimate investigative purpose for issuing the summonses to the law firms. A properly completed Form 8300 gives the IRS the means to verify the source and amounts of cash income above a certain figure. Otherwise, the IRS is compelled to simply take the taxpayer at his word. It cannot be said that compelling the proper completion of Form 8300 has no legitimate purpose to the IRS. The fact that the IRS has a legitimate investigative purpose in issuing the summons to the law firms removes them from the requirements of § 7609(f) since the summonses did identify the person with respect to whose liability the summons was issued, namely the law firms. Since these are neither third-party recordkeeper summonses nor John Doe summonses, § 7609 cannot be a basis for this court's jurisdiction over these petitions.

■ The petitioners also argue that this court has jurisdiction over this action pursuant to its inherent supervisory power to enforce its local rules and supervisory power over attorneys. Petitioners point out that the local rules of this district have adopted the Supreme Court of Tennessee's "Code of Professional Conduct" as the official rules of professional conduct for members of the bar of this district. There is no question that district courts possess the statutory authority to adopt local rules and have inherent supervisory authority to regulate the conduct of attorneys practicing before them. The function of these rules is to regulate the practice of the court and to facilitate the transaction of the court's business. However, these rules cannot enlarge or restrict the court's jurisdiction, nor can they abrogate or modify substantive law. *Washington–Southern Navigation Company v. Baltimore & Philadelphia Steamboat Company*, 263 U.S. 629, 635, 44 S.Ct. 220, 222, 68 L.Ed. 480 (1924). "Even a sensible use of a supervisory power is invalid if it conflicts with the constitutional or statutory provisions." *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985). This court lacks jurisdiction under its supervisory power to quash an IRS subpoena which could conceivably conflict with its local rules.

■ Finally, petitioners contend that this court has jurisdiction to declare the rights at issue under the Declaratory Judgment Act, 28 U.S.C. § 2201. The respondent contends that this court has no jurisdiction to make a declaratory judgment regarding the summonses in question. The respondent relies on the plain language of the Declaratory Judgment Act which reads:

In a case of actual controversy within its jurisdiction, *except with respect to federal taxes*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added).

The Anti–Injunction Act similarly restricts the court's power to grant injunctive relief by providing that

Except as provided in [statutes not relevant here], no suit for the purpose of

restraining the assessment or collection of any tax shall be maintained by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

The purpose of the federal tax exception to the Declaratory Judgment Act and the Anti–Injunction Act is to protect the Government's ability to assess and collect taxes free from pre-enforcement judicial interference and to require that disputes be resolved in a suit for a refund. *Bob Jones University v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974).

There are two exceptions to the general rule barring declaratory and injunctive relief in cases involving federal taxes. *See id.,* at 742, 94 S.Ct. at 2048. The first is where the Government could under no circumstances ultimately prevail and the prerequisites for equity jurisdiction are met. *Id.* at 742–46, 94 S.Ct. at 2048–51. The second exists where "an aggrieved party has no access at all to judicial review." *Id.* 94 S.Ct. at 2050. Petitioners can meet neither of these exceptions in this case. This is not a case where the Government could under no circumstances prevail. It is clear that the Government has at least an arguable position that the summonses do not violate any constitutional provision. In addition, both petitioners and intervenors in this case have a right to judicial review should the IRS come before this court to enforce the summonses. If the Government brings a proceeding to enforce the summonses, both petitioners and intervenors may challenge the summonses "on any appropriate ground". *Reisman v. Caplin,* 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964).

Finally, petitioners contend that the tax exception to the Declaratory Judgment Act and the Anti–Injunction Act are not applicable here since this is simply not a tax case. The court disagrees. Whatever other purpose the reporting requirement established by § 6050I may serve, the Government has at least one legitimate reason for requiring a properly completed Form 8300 since it gives the IRS the means to verify the source and amounts of items of cash income received by the law firms. These petitions do attempt to enjoin activities which could culminate in the collection of taxes and are therefore forbidden. *Blech v. U.S.,* 595 F.2d 462, 466 (9th Cir. 1979); *U.S. v. Dema,* 544 F.2d 1373 (7th Cir.1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977).

In conclusion, the law firms in this case have not been summoned in the capacity of third-party recordkeepers, nor have they been served with John Doe summonses. This court lacks jurisdiction over these petitions under either its supervisory power or under the Declaratory Judgment Act. The petitioners and intervenors must await an IRS enforcement action before they can assert their claims that the summonses are improper. I express no opinion with respect to the merits of the petitioners' and intervenors' claims. The respondent's motions to dismiss these petitions for lack of subject matter jurisdiction will be granted.

Order accordingly.