Ross P. UPTON, Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE and Gloria A. Hassinger, Defendants–Appellees,

United States of America, Movant–Appellee.

No. 320, Docket 96–6102.

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1996.

Decided Jan. 14, 1997.

Ross P. Upton, Watertown, CT, pro se.

Pamela C. Berry, Charles E. Brookhart, Gary R. Allen, Washington, DC (U.S. Dept. of Justice, Tax Division, on the brief), for Defendants–Appellees and Movant–Appellee.

Before: KEARSE, WALKER and JACOBS, Circuit Judges.

PER CURIAM.

Ross P. Upton appeals *pro se* from the judgment of the United States District Court for the District of Connecticut (Burns, *J.*) dismissing, for lack of subject matter jurisdiction, Upton's petition to quash an Internal Revenue Service ("IRS") administrative summons. For the reasons that follow, we affirm.

## BACKGROUND

In the course of investigating petitioner Ross Upton's federal tax liability, the IRS issued an administrative summons to his son, James Upton. Specifically, the IRS summons requested James Upton to provide the following:

> [w]ith respect to payments made by [James Upton] and/or anyone on [his] behalf to Ross Upton during the taxable years 1991, 1992, and 1993, provide all documents, including, but not limited to, original checks, check stubs and/or check register(s), promissory notes, invoices, receipts, correspondence, and retained copies of cashiers' checks and/or money orders.

The summons did not recite on its face the section of the United States Code under which it was issued.

The United States has not (yet) sought enforcement of that administrative summons;

if it had, the petitioner here would have been able to seek intervention in that proceeding. *See, e.g., Church of Scientology v. United States,* 506 U.S. 9, 11, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992); *Donaldson v. United States,* 400 U.S. 517, 527–530, 91 S.Ct. 534, 540–542, 27 L.Ed.2d 580 (1971). Foreclosed from that means of challenging this administrative summons, Upton has filed a petition in the district court to quash the summons pursuant to 26 U.S.C. § 7609, which confers jurisdiction on the district court to consider a petition by a person under IRS investigation who challenges an IRS administrative summons issued to a "third-party recordkeeper." Upton concedes—indeed, he affirmatively alleges—that his son was *not* a "third-party recordkeeper," but contends that the statutory grant of jurisdiction to review an administrative summons served on someone who is a third-party recordkeeper precludes by implication the service of a third-party summons on anyone who is not. Upton also claimed that the summons to his son was defective because 1991, 1992 and 1993 were not "taxable years" for him because he "had no levies for taxes" in those years, and because, as a citizen of the State of Connecticut, he is neither a citizen nor a resident of the United States and therefore is not subject to the federal tax laws. In addition to seeking to quash the summons, Upton sought costs and sanctions against the IRS.

The IRS moved to dismiss Upton's petition on the ground that the Government had not waived its sovereign immunity, inasmuch as the summons was not served upon a third-party recordkeeper. Judge Burns granted the motion and dismissed the petition. We affirm on the grounds stated by the district court.

## DISCUSSION

A district court's dismissal for lack of subject matter jurisdiction is reviewed *de novo. Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust Co.,* 93 F.3d 1064, 1070 (2d Cir.1996). The question presented is whether a party may commence an action to quash an IRS administrative summons issued to another party who is not a statutorily defined third-party recordkeeper.[1]

The United States and its agencies enjoy immunity from suit except insofar as Congress has enacted legislation effecting an unequivocal waiver. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–954, 47 L.Ed.2d 114 (1976). In two limited circumstances only, Congress has waived immunity to permit a taxpayer to challenge an IRS administrative summons in federal court: (A) taxpayer intervention in a proceeding to enforce an administrative summons, and (B) taxpayer initiation of a proceeding to quash an administrative summons served on a "third-party recordkeeper." This Petition does not come within the scope of either waiver.

### A. *Intervention in an Enforcement Proceeding.*

Because our system of federal taxation relies on self-reporting, it is essential that the IRS have the power to issue administrative summonses in order to have effective oversight. *United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984); *United States v. Bisceglia,* 420 U.S. 141, 145–46, 95 S.Ct. 915, 918–19, 43 L.Ed.2d 88 (1975). In 26 U.S.C. § 7601, Congress gave the IRS a "broad mandate to investigate and audit persons" to insure compliance with federal tax laws. *Bisceglia,* 420 U.S. at 145, 95 S.Ct. at 918. As a necessary incident to the investigatory power, Congress gave the IRS expansive authority to:

summon the person liable for tax ... or *any other person* the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony,

---

1. Upton's "tax protester" arguments are barely worth a footnote. *See* 26 U.S.C. § 7701(a)(23) ("taxable year" means the calendar year for which the taxable income is computed); *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir. 1993) (citizen of a state could not claim he was not a citizen of the United States); *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir.1992) (same), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993).

under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a)(2) (emphasis added). This wholesale grant of summons authority is based upon the traditional duty persons have to appear, give testimony, and provide evidence, and is only "subject to the traditional privileges and limitations." *United States v. Euge*, 444 U.S. 707, 711, 714, 100 S.Ct. 874, 878, 879, 63 L.Ed.2d 141 (1980). Pursuant to 26 U.S.C. §§ 7402(b) and 7604(b), district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a complaint. *See, e.g., Bisceglia*, 420 U.S. at 146, 95 S.Ct. at 919; *United States v. Powell*, 379 U.S. 48, 58 n. 18, 85 S.Ct. 248, 255 n. 18, 13 L.Ed.2d 112 (1964).

There is of course a danger that such powers may lead to unreasonable invasions of privacy. However, a party may move to intervene *in an enforcement proceeding* pursuant to Fed.R.Civ.P. 24, to assert interests in the information sought to be obtained through the summons served upon another party. This right to intervene is permissive only. *Donaldson*, 400 U.S. at 527–30, 91 S.Ct. at 540–42.

Because the IRS has not initiated an enforcement proceeding against the petitioner's son, this procedure for challenging the summons is not presently available to Ross Upton.

B. *Petition to Quash Summons Served on a Third–Party Recordkeeper.*

■ Often, a third party in receipt of a summons may have little or no stake in protecting the privacy and privileges of the party under investigation. Congress recognized the taxpayer's need to protect privacy interests potentially invaded by the summons. *See United States v. First Bank*, 737 F.2d 269, 272 (2d Cir.1984). Thus, Congress established procedures that would protect these rights in some situations in which the third-party has minimal interest in resisting enforcement. Pursuant to 26 U.S.C. § 7609, whenever a summons is served upon a "third-party recordkeeper,"[2] the IRS must give notice of the summons to the person who is identified as the subject of the records sought (ordinarily the taxpayer who is the subject of an IRS audit or investigation). 26 U.S.C. § 7609(a)(1). Under § 7609(b)(1), such a person has a right to intervene; however, he need not await an enforcement proceeding that may never be initiated, because he has the right to initiate a proceeding in federal court to quash the summons. 26 U.S.C. § 7609(b), (h)(1).

Congress intended that a third-party recordkeeper would " 'be a person engaged in making or keeping the records involving transactions of other persons.' " *United States v. New York Tel. Co.*, 644 F.2d 953, 958 (2d Cir.1981) (quoting S. Rep. 94–938, 94th Cong.2d Sess. 369 (1976), U.S.Code Cong. Admin.News 1976, pp. 2897, 3265–3266) (taxpayer permitted to intervene in enforcement proceeding against third-party recordkeeper). Third-party records have been defined as "those containing data about transactions between the taxpayer and parties other than the [third-party recordkeeper]." *Rapp v. Commissioner*, 774 F.2d 932, 934 (9th Cir.1985).

---

2. For the purposes of this statute, a third-party recordkeeper is defined as:

  (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

  (B) any consumer reporting agency (as defined under section 603(d) of the Fair Credit Reporting Act (15 U.S.C. § 1681a(f)));

  (C) any person extending credit through the use of credit cards or similar devices;

  (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. § 78c(A)(4)));

  (E) any attorney;

  (F) any accountant;

  (G) any barter exchange (as defined in section 6045(c)(3));

  (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof.

26 U.S.C. § 7609(a)(3).

 It is not always obvious who is and who is not a third-party recordkeeper. The fact that the summoned party could be considered a third-party recordkeeper in some circumstances does not make it a third-party recordkeeper under all circumstances. *United States v. New York Tel. Co.*, 682 F.2d 313, 317 (2d Cir.1982). Factors that are considered include the capacity in which the party was summoned and the nature of the records sought. *Id.* Thus, credit transactions between a customer and vendor are within the purview of § 7609. First, as an extender of credit, the vendor falls within the statutory definition of a third-party recordkeeper under § 7609(a)(3)(c). Second, the vendor's credit records contain personal and business data, collateral to the customer-vendor transactions, that the vendor would have little interest in protecting. *Id.*

 However, when the administrative summons seeks records that pertain to transactions between the summoned recordkeeper and the taxpayer under investigation (and that do not concern the type of credit transactions contemplated by § 7609), the taxpayer does not have the right to notice, the right to intervene or the right to initiate a suit to prevent disclosure. For instance, an employer is not considered a third-party recordkeeper in its relationship to an employee. *See United States v. Bass*, 784 F.2d 1282, 1285–86 (5th Cir.1986); *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir.1985).

 As all parties here agree, petitioner's son is *not* a third-party recordkeeper. There is no indication that James Upton falls within the statutory definition of a third-party recordkeeper, nor is there any indication that James Upton would lack interest in protecting the information. The summons sought information about payments made by him to the petitioner, not records of transactions between the petitioner and third parties. Upton nevertheless contends that his son was summoned pursuant to § 7609 and that the summons should be quashed because his son was not a third-party recordkeeper. In essence, Upton argues that the statutory grant of jurisdiction to review a summons served on a third-party recordkeeper implicitly precludes a third-party summons on any-one who is not. However, the power of the IRS to issue an administrative summons is conferred in § 7602. Section *7609* does not add to the IRS's summoning powers, it merely affords a means to challenge a summons issued to a third-party recordkeeper.

## CONCLUSION

We agree with the district court that, with respect to this petition and this suit against the IRS, sovereign immunity has not been waived, and we therefore affirm. The IRS's motion for sanctions is denied: the primary issue on appeal is of negligible merit, but it is one of first impression.