**John W. WORK, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 83–1571A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 20, 1984.

Harold A. Miller, III, Decatur, Ga., for petitioner.

Barbara V. Tinsley, Asst. U.S. Atty., Atlanta, Ga., for respondent.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is now before the court on the Report and Recommendation of United States Magistrate Joel M. Feldman concerning the taxpayer's petition to quash a summons issued by the Internal Revenue Service (IRS). The magistrate recommends that the summons be enforced, and the petitioner has filed objections.

On July 6, 1983, a summons was issued by IRS Special Agent William Studdard upon Southern Bell in connection with an IRS investigation of the tax liability of the petitioner for the years 1977–1982. After an evidentiary hearing on the petition to quash, the magistrate found that the summons was not issued solely to gather information for a criminal investigation, but that it was issued as part of a joint criminal and civil investigation into the petitioner's federal tax liability. The magistrate also found that the summons was issued for the legitimate purpose of obtaining information relevant to the IRS investigation and was not issued in bad faith. At the time of the magistrate's report, January 12, 1984, the petitioner's case had not been referred to the Department of Justice for criminal prosecution. However, the IRS subsequently recommended criminal prosecution of the petitioner. *See* 26 U.S.C. § 7602(c).

■■■ Issuance of an IRS summons in conjunction with an investigation of civil tax liability prior to referral to the Justice Department must meet a test of good faith. *See United States v. Grayson County State Bank*, 656 F.2d 1070 (5th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982). This showing of good faith by the IRS is generally made by affidavit of the agent who issued the summons and is seeking enforcement. *See, e.g., United States v. Garden State Nat'l Bank*, 607 F.2d 61 (3d Cir.1979). After the government has made a minimal showing of good faith, as was done in this action by Special Agent Studdard's affidavit, the taxpayer bears the heavy burden of proving that the IRS, as an institution, has abandoned pursuit of the taxpayer's civil tax liability and has improperly issued the summons for the sole purpose of criminal prosecution. *See United States v. Southeast First Nat'l Bank of Miami Springs*, 655 F.2d 661, 665 (5th Cir.1981) (Unit B). This showing requires the taxpayer to prove an "extraordinary departure" from the IRS' established procedures. *Id.* (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 314, 316, 98 S.Ct. 2357, 2366, 2367, 57 L.Ed.2d 221 (1978)). Before an agent completes an investigation and makes a recommendation for criminal prosecution, a summons is "virtually unassailable." *United States v. Harris*, 628 F.2d 875, 882 (5th Cir.1980).

In this action the summons was issued and the IRS sought to have it enforced. The taxpayer petitioned to quash the summons, and the government then moved to dismiss the petition to quash and sought summary enforcement of the summons without an adversary evidentiary hearing. The magistrate, however, did conduct an adversary hearing in response to the petitioner's allegations of improper purpose by the IRS in issuing the summons. Petitioner was allowed to present testimony and examine IRS agent Studdard who issued the summons.

In his objections to the magistrate's report and recommendation the petitioner argues that the magistrate erred in overruling his motion for further discovery at the

evidentiary hearing. The court finds that the magistrate's denial of this request was not erroneous and that the petitioner was not deprived of a meaningful opportunity to determine whether the IRS issued the summons for a proper purpose. *See United States v. Southeast First Nat'l Bank of Miami Springs, supra,* 655 F.2d at 667.

▮ No administrative summons may be issued and the Secretary of the Treasury may not begin any action to enforce any summons with respect to any person if a Justice Department referral is in effect with respect to such person. 26 U.S.C. § 7602(c)(1). On April 17, 1984, the IRS made a recommendation to the Justice Department for criminal prosecution of the petitioner. This recommendation is a referral under section 7602(c). The government argues that the restrictions imposed by section 7602(c)(1) are inapplicable to the summons in the case because the summons was issued and the enforcement action was begun before the referral was made. Petitioner has not addressed the government's argument on this point. The validity of an IRS summons is tested as of the date of issuance. *See Couch v. United States,* 409 U.S. 322, 329 n. 9, 93 S.Ct. 611, 616 n. 9, 34 L.Ed.2d 548 (1973). The court finds that section 7602(c) does not apply to the facts of this case and the summons is valid and enforceable.

Accordingly, the report and recommendation of the magistrate is APPROVED AND ADOPTED as the order of this court. Southern Bell is directed to comply with the terms of the summons before Special Agent Studdard, or any other proper officer of the IRS, within fifteen (15) days of the date of entry of this order.