**UNITED STATES of America,
Petitioner,**

v.

**Gary D. HENDERSON,
Attorney, Respondent.**

**No. M–89–118.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

Oct. 11, 1990.

**30**

U.S. Atty. Robert Welsh, U.S. Dept. of Justice, Tax Div., Washington, D.C., for petitioner.

Gary D. Henderson, Winston–Salem, N.C., pro se.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This matter comes before the Court on respondent's request for reconsideration of this Court's January 19, 1990 Order. In that Order, the Court found that the Internal Revenue Service (IRS) was entitled to enforcement of its third-party summons (26 U.S.C. § 7609) seeking records from respondent, Attorney Gary D. Henderson, with respect to financial payments, transfers and disbursements concerning two of his clients (Paul Scott and Charles W. Plummer) and their businesses for the purpose of determining the correctness of the tax return of Paul and Brenda Scott. (Respondent is a third-party recordkeeper. 26 U.S.C. § 7609(a)(3)(E).) He raised various issues, including the fact that enforcement would violate the attorney-client privilege and that the summons sought irrelevant material or was not proper in scope. The Court ruled adversely to him and ordered compliance in court on January 18, 1990.

The next day, on January 19, 1990, in open court, respondent requested reconsideration. He presented new evidence by informing the Court that the IRS made a referral for criminal prosecution to the Department of Justice (26 U.S.C. § 7602(c)(2)) as to the Scotts in November, 1989 and had made a similar referral as to Mr. Plummer on June 7, 1989. Respondent expressed concern that the information obtained from the instant summons would be used to further those criminal prosecutions and that such would be improper. The matter was again set for hearing on respondent's request for reconsideration.

On February 21, 1990, this matter came before the Court on respondent's request for reconsideration. Agent Roland Cresswell testified for the government. He recounted the scope of his investigation, including potential criminal violations by the Scotts with respect to several transactions involving the sale of land and payment of expenses as is more particularly noted in the January 19, 1990 Order. He pointed out that people often attempt to hide their true assets through sales of property and in this case it appears land was purchased in the name of a third party, but the funds came from Paul Scott Medical Bureau and when the third party tried to sell the land, respondent Henderson blocked the sale on behalf of Scott and Plummer. He also detailed other financial transactions where-

in funds apparently came from one entity for the debts or bills of another. Cresswell questions whether respondent worked for Paul Scott and/or Plummer and yet was paid by other entities. All of these facts have a potential impact on the Scotts' tax return.

Agent Cresswell acknowledged that the information sought in this subpoena could have an impact on the investigation of Charles Plummer. He stated that the Plummer investigation is being conducted by an agent named Dan Deaver. Cresswell is working on the Scott case. Cresswell does not work with Deaver and is not seeking Plummer's records except to the extent that they will be used for the Scott investigation. While he may have discussed the case with Deaver, he has not shared information with respect to the Scotts and both are running their investigations separately but may have knowledge of what the other obtains. The summons in that case is not a dual purpose summons but has the sole purpose of helping to ascertain the Scotts' tax liability.

Cresswell provided the following time scenario. On June 7, 1989, a Department of Justice referral was made with respect to Plummer. On June 14, 1988, the summons issued in this matter. On November 6, 1989, petitioner sought enforcement of the summons in this Court. Thereafter, a Department of Justice referral was made with respect to the Scotts on November 22, 1989.

The third-party summons in the instant action provided that notice be, and was given, to Charles Plummer, Charles Plummer, Inc., Paul Scott and Associates, Triad Anesthesia Associates, Paul Scott Medical Bureau, Brenda Scott, Paul Scott and Ed Levit. None of the noticees filed a motion to quash within twenty (20) days and for intervention in this action as required by 26 U.S.C. § 7609(b) nor have they been permitted to intervene.

Respondent argues that because Department of Justice referrals have been made as to Charles Plummer and Paul and Brenda Scott, the government is foreclosed from further enforcing this IRS summons.

Respondent further argues that the government is attempting to circumvent the law by using this summons to broaden its criminal investigation against Mr. Plummer inasmuch as the summons was issued after a Department of Justice referral to Plummer. Last, respondent argues that under the factual scenario of this case, it is clear that the sole purpose behind this summons is the criminal investigation against the Scotts and Mr. Plummer.

*Discussion*

 The Court reaffirms its holding with respect to denying respondent's claim of attorney-client privilege. Respondent bears the burden of establishing the privilege. *U.S. v. Abrahams*, 905 F.2d 1276, 1283 (9th Cir.1990). He must make this showing with respect to each specific category of documents in question. *Id.; Holifield v. U.S.*, 909 F.2d 201, 204 (7th Cir. 1990). The Court finds respondent has failed to meet these standards and, therefore, has failed to establish any attorney-client privilege with respect to the documents.

The Court further finds that the government has shown a legitimate purpose for the investigation, that the inquiry is relevant to that purpose, that the information is not already within the Commissioner's possession and that proper administrative steps have been taken. *Hintze v. I.R.S.*, 879 F.2d 121, 126 (4th Cir.1989). Respondent has failed to adduce evidence of harassment or improper purpose. *Id.*

In regard to harassment or improper purpose, the Court further finds that respondent has failed to show that the IRS is pursuing its investigation for the sole purpose of building a case on pending or anticipated criminal charges as that term is defined in 26 U.S.C. § 7602(c) and *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). Petitioner objects to respondent's argument both on the merits and by pointing out that respondent lacks standing to complain about allegedly improper use of a summons which does not involve a criminal

investigation against him but rather against Charles Plummer and the Scotts.

Turning to the standing issue first, the Court agrees that respondent lacks standing to make this argument concerning improper purpose and those persons who would have standing, to wit: the Scotts and Charles Plummer, have not intervened. Neither the Scotts nor Charles Plummer have filed a motion to intervene nor in any way formally attempted to exercise such a right or privilege in a timely manner as is required. *See United States v. Kemper Money Market Fund, Inc.*, 704 F.2d 389 (7th Cir.1983). To challenge the summons, the Scotts and Plummer are required to intervene and even then, they can only litigate their own rights. *United States v. Equitable Trust Co.*, 611 F.2d 492, 495 (4th Cir.1979), *cert. denied sub nom. DiVivo v. United States*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980).

In addition, as petitioner points out, if the Scotts and Plummer had intervened, this would have tolled the limitations period thereby protecting the IRS from prejudice while granting the taxpayer the benefit of intervention. *Hodges, Grant & Kaufmann v. U.S. Government*, 762 F.2d 1299 (5th Cir.1985). The Scotts and Mr. Plummer, by attempting to act and assert their rights through respondent, are attempting to have their cake and eat it too. They wish to raise issues, which only concern them, without tolling the applicable civil or criminal limitations period. The Court finds no reason for permitting such a result and, therefore, respondent's assertion that the summons should be dismissed for having a solely criminal purpose should be denied for lack of standing.

Next, the Court rejects on the merits respondent's argument that the summons must be dismissed because the IRS is pursuing an investigation for the sole purpose of conducting a criminal investigation. As amended in 1982, Section 7602(c)(1) of Title 26 provides that the IRS may not issue an administrative summons nor may the IRS *"begin any action ... to enforce any summons"* (emphasis added) if a Department of Justice referral is in effect. *Hintze v. I.R.S.*, 879 F.2d at 127–28 n. 8. One court has ruled that the validity of the summons is to be tested as of the date of issuance, *Garpeg Ltd. v. United States*, 583 F.Supp. 799 (S.D.N.Y.1984). However, the literal language of Section 7602(c)(1) forbids the IRS from taking any action to begin enforcement. Therefore, the better view is that the validity of the summons, for purposes of Section 7602(c)(1), is determined as of the date a petition to enforce it is filed. *DeGroote v. United States*, CIV–85–465T (1986 WL 8877) (W.D.N.Y. April 11, 1986).[1] A summons may be enforced so long as the referral comes after a petition to enforce it has been filed. In the instant case the summons issued on June 14, 1988 and enforcement was sought on November 6, 1989. The Scotts' case was not referred to the Department of Justice until November 22, 1989. Thus, this referral was not only after the issuance of the summons but after the petition to enforce the summons had been filed as well. Nothing else appearing, the Section 7602(c) referral to the Department of Justice as to the Scotts has no effect on the validity of the summons. Nevertheless, respondent still makes claims of improper criminal purpose saying that the entire enforcement action is a ruse and

---

1. Respondent argues that enforcement of the instant summons is barred by the decision of the district court in *DeGroote v. United States*, CIV–85–465T (1986 WL 8877) (W.D.N.Y. April 11, 1986). That court looked at the legislative history of Section 7602 and found that the Senate Committee expected that the IRS would not use its summons powers to pursue any investigation after a Justice Department referral. On the other hand, the court found that the express language of Section 7602(c)(1) contemplated that any summons enforcement in existence pri-

or to a Justice Department referral could be completed. Therefore, it held that enforcement proceedings can proceed if commenced prior to referral, citing *Uhrig v. United States*, 601 F.Supp. 881 (D.Md.1985), and *Work v. United States*, 593 F.Supp. 90 (N.D.Ga.1984). Thus, a full reading of *DeGroote* fails to support respondent's position and, in fact, supports petitioner's. In the instant case, the Justice Department referral as to the Scotts came after both the issuance of the summons and the petition to enforce it.

has been for the advancement of the criminal prosecutions.

The government dismisses respondent's argument by pointing out that Section 7602(b) now specifically provides for issuance of a summons for "the purpose of inquiring into any *offense connected with the administration or enforcement of the internal revenue laws.*" (emphasis added) It states this language indicates investigations can be conducted for a solely criminal purpose unless there is a Justice Department referral as covered by Section 7602(c). The Court agrees but only so far.

■■■ In the usual case, a Justice Department referral is the litmus test for determining whether issuance of an IRS summons is prohibited. Notwithstanding, as the Supreme Court found in *United States v. Stewart*, 489 U.S. 353, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989), the IRS cannot circumvent the statute by delaying a recommendation in order to gather additional information. Nor will the Court enforce a summons if the IRS "has abandoned any proper civil purpose." *U.S. v. Michaud*, 907 F.2d 750, 752 (7th Cir.1990). However, it will not be sufficient for a respondent merely to allege IRS abuse with vague allegations of a delayed referral in order to gather additional information. The respondent must come forward with evidence and proof to support such a claim. *Hintze v. IRS*, 879 F.2d at 128. Indeed, even to be entitled to have an adversary hearing on the matter, the respondent must submit particularized facts which show that the summons issued after the IRS agents recommended prosecution, that there was an inordinate or unexpected delay in the investigation or that the IRS agents were in contact with the Department of Justice. *Id.* In this case, respondent never presented such facts to the Court even *after* an evidentiary hearing. In addition, the record before the Court negates such allegations. Thus, the claim fails.

■■■ Respondent's next contention is that the summons is invalid both because it relates to the criminal investigation of Charles Plummer and because a Depart-

ment of Justice referral was made as to Mr. Plummer on June 7, 1988, which is one week before the instant summons was issued. That argument likewise does not require much discussion. First, for the reasons stated previously, the Court finds respondent does not have standing to raise the issue which solely affects Charles Plummer and that Charles Plummer has waived any right to challenge the enforcement of the summons because he has failed to timely move to quash the summons and has failed to timely intervene in this action.

■■■ In addition to respondent's lack of standing, the Court further finds that the argument may be dismissed on the merits. Respondent argues that the validity of the summons issued for the investigation of the taxes of the Scotts should be tied to the investigation involving Charles Plummer for which a prior referral had been made to the Department of Justice. If respondent's arguments were accepted, it is clear that a Section 7602(c) referral has been made as to Plummer before even the issuance of the summons and, thus, enforcement would be improper.

This Court does not accept that reasoning. The Supreme Court has directly rejected this type of argument in *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985). In *Tiffany*, the Supreme Court held that even if a summons were served for a dual purpose of investigating the tax liability of the named taxpayer along with other unnamed parties, the summons could be properly enforced. *See also United States v. Balanced Financial Management*, 769 F.2d 1440, 1448 (10th Cir.1985); *Woodrow F. Morgan, Inc. v. U.S.*, 670 F.Supp. 289, 292 (E.D.Cal.1987). The dual purpose doctrine applies to third-party summonses as well. *Liberty Financial Services v. United States*, 778 F.2d 1390 (9th Cir.1985). Thus, because the Court has found that the summons issued with respect to the Scotts is proper and for a proper purpose, it makes no difference that it may have been issued for a dual purpose which would include the Plummer investigation. The

Plummer investigation does not affect the validity of the summons. Moreover, the Court has already found that this investigation is not being conducted for a dual purpose but for the sole purpose of investigating the Scotts' tax liability. In this investigation records which may be pertinent to the Plummer investigation necessarily will surface as well because the investigations are connected by their facts. However, there is no evidence that the investigations are at this point otherwise connected. Thus, petitioner may proceed with this enforcement action and is entitled to an order enforcing the summons. For these reasons,

IT IS ORDERED that within ten (10) days of the filing of this Order, respondent comply with the January 19, 1990 Order and produce said documents at the IRS office on or before October 31, 1990.

IT IS FURTHER ORDERED that within ten (10) days respondent may seek review of this Order pursuant to Rule 72(b), Fed. R.Civ.P., in accordance with 26 U.S.C. § 7604 and *Aluminum Co. of America v. United States E.P.A.*, 663 F.2d 499 (4th Cir.1981), and in that event, this Order shall be stayed until further order of the Court.