**Thomas Alan MENENDEZ, Petitioner,**

v.

**The UNITED STATES, et al., Respondents.**

**No. IP 94–572–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Sept. 6, 1994.

---

Thomas Alan Menendez, pro se.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, IN, for U.S.

Stephen W. Voelker, Voelker Law Office, Jeffersonville, IN, for NBD Bank.

## ENTRY ON PENDING MATTERS AND ORDER DIRECTING ENTRY OF JUDGMENT

BARKER, Chief Judge.

Petitioner Thomas Menendez seeks to quash summonses issued by Internal Revenue Agent Bradby. The non-federal defendants have been dismissed and the United

States has moved for the summary denial of the relief Menendez seeks and enforcement of certain of the summonses.[1]

Whereupon the court, having read and examined each of the foregoing matters, and being duly advised, now makes its ruling.[2]

## I. Background

Agent Bradby issued administrative summonses in late March 1994 to the custodian of records for three (3) organizations—Family Care Chiropractic, Robert Lynn Co., Inc. and NBD Bank. Each summons was for production of documents related to business transactions with Thomas Menendez for the period of January 1, 1991 through December 31, 1993. The production was to occur, in each instance, in April or May of 1994.

Menendez brings the action pursuant to the right to seek relief created in 26 U.S.C. § 7609(b), which in turn rests on the grant of jurisdiction conferred by 26 U.S.C. § 7609(h). He lists nine reasons in support of his amended petition to quash.[3]

## II. Discussion

### A. Statutory Structure

Mr. Menendez asserts that the issuance of the summonses is abusive and, for that rea- son, improper. He proceeds under 26 U.S.C. § 7609(b)(2), which provides that "any person ... entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons...." Jurisdiction over such an action is conferred by 26 U.S.C. § 7609(h).

To prevail in this position Menendez must overcome a substantial hurdle, for "[s]ection 7602" of the Internal Revenue Code, 26 U.S.C. § 7602 (1982), provides that the Secretary of the Treasury, or the IRS as his designee, may "examine any books, papers, records, or other data which may be relevant or material to ..." ascertain the correctness of any return and may issue summonses to those in "possession, custody, or care" thereof to appear and produce them to the IRS. *Holifield v. United States,* 909 F.2d 201, 205 (7th Cir.1990).

Indeed, the Supreme Court has described § 7602 as the "centerpiece" of a much larger congressional design to endow the IRS with expansive authority to conduct effective tax investigations. *United States v. Arthur Young & Co.,* 465 U.S. 805, 815, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984). With this congressional design in

---

1. A summons was issued and apparently served on Bradby on March 31, 1994. She has not appeared in this action, although the United States' motion filed June 17, 1994 asserts that *it* was sued as "Susan Bradby." Greater clarity in the status of defendant Bradby could easily have been sought. It is evident that the petitioner *did* intend to sue Bradby in addition to the United States. However, since he seeks only relief which would be available from Bradby in her official capacity and since when a claim against a government official in her official capacity is in all respects other than name against the United States itself, the inclusion of Bradby as a co-respondent is superfluous and will be disregarded with respect to the remainder of this Entry.

2. The petitioner was given until July 6, 1994 in which to respond to the United States' motion for dismissal and summary enforcement. No response was filed.

3. The reasons are listed in paragraph 5 of his amended petition and are essentially as follows: (1) the IRS has classified him as a "tax protestor" and "has made an institutional commitment to make a referral to the Department of Justice for prosecution as it would merely like to gather evidence to aid a prosecution"; (2) the Service is impermissibly using the summons to gather evidence solely for a criminal prosecution; (3) the IRS has either made a formal recommendation for prosecution to the Department of Justice or has made an informal determination and is not making a formal recommendation in order to be able to continue using the civil process and has abandoned any hope of civil collection; (4) the summonses indicate that this is a criminal investigation since much of the information sought has no bearing on a civil investigation and that the IRS therefore lacks statutory authority to issue these summonses; (5) disclosure of the type of information sought in the summonses without his consent violates his rights under the Constitution and otherwise; (6) the summonses were not issued in good faith and are too broad (a variant of reasons 2 and 4, above); (7) the IRS has not complied with the procedural requirements of 26 U.S.C. §§ 7602, 7603, 7605(c) and 7609 and are therefore defective for various reasons; (8) the summonses were not issued in good faith, the "information is already within the Commissioner['s] possession" and are being issued to harass and pressure him (a variant of reasons 2, 3, 4 and 6); and (9) according to IRS Manual Supplement 9G–93, once the IRS classifies a person as a "tax protestor" it is without discretion and these cases must be treated as criminal from the onset.

mind, the Court stated that, with the exception of the traditional privileges and limitations, "other restrictions upon the IRS summons power should be avoided 'absent unambiguous directions from Congress.'" *Id.* at 816, 104 S.Ct. at 1502 (quoting *United States v. Bisceglia,* 420 U.S. 141, 150, 95 S.Ct. 915, 921, 43 L.Ed.2d 88 (1975)).

Nonetheless, § 7609(b)(2) does represent a waiver of sovereign immunity, *see Stringer v. United States,* 776 F.2d 274, 275 (11th Cir. 1985), though only in limited terms. As Judge Potter succinctly explained in *Weinreb v. deFor,* 1993 U.S. Dist. LEXIS 17285 (W.D.N.C.1993), at *1–2:

> Petitioner's right to quash a subpoena under 26 U.S.C. § 7609 rises or falls depending upon whether he is entitled to notice under that statute and not upon his preference for a civil or criminal proceeding against him....
>
> According to 26 U.S.C. § 7609, only the person named in a summons served upon a third party record keeper is entitled to notice, and only a person entitled to notice of a summons served upon a third party record keeper may move to quash that summons. 26 U.S.C. § 7609(a) and (b)(2)(A). The challenged summons in this case was served upon Petitioner's employer, or past employer, not a party defined as a third party record keeper under 26 U.S.C. § 7609(a)(3). Petitioner nowhere disputes that those companies named in the summons were or are his employers and not a third party record keeper within the meaning of that term as defined in § 7609(a)(3).

In order for a taxpayer to attempt to have an administrative summons quashed, the party to whom the summons is addressed must fall within the definition of a "third-party recordkeeper." Otherwise, the taxpayer is not a person entitled to notice and may not seek to quash the summons. *Davenport v. Bell,* 600 F.Supp. 568 (N.D.Ill.1984). The recordkeepers within this category are identified in § 7609(a)(3)(A)–(H) and include banks, savings and loans, consumer reporting agencies, persons extending credit through the use of credit cards, brokers, attorneys, accountants or barter exchanges. The significance of this listing and category is quite clear: summonses issued to third-party recordkeepers are subject to challenge under § 7609(b), while summonses issued to other persons are not. The consequences, in terms of jurisdiction, are equally clear: the district courts only have jurisdiction (by virtue of 26 U.S.C. § 7609(b)) to consider actions to quash administrative summonses issued to third-party recordkeepers.

Just as the petitioner has a right to petition to quash summons in certain circumstances, the United States may seek to compel compliance with the summons pursuant to § 7609(b)(2)(A) with regard to third-party recordkeepers.

In order to make a prima facie case for enforcement of a summons under 26 U.S.C. § 7604, the government must show that a legitimate purpose exists for the investigation, the inquiry may be relevant to that purpose, the information sought is not already within the possession of the Commissioner and the administrative steps required by the Code for serving a summons have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). This burden is "a slight one," which may be met by an affidavit of the agent who issued the summons. *United States v. Lawn Builders of New England, Inc.,* 856 F.2d 388, 392 (1st Cir.1988); *Liberty Financial Services v. United States,* 778 F.2d 1390, 1392 (9th Cir.1985); *United States v. Balanced Fin. Management, Inc.,* 769 F.2d 1440, 1444 (10th Cir.1985). Thereafter, the burden shifts to the taxpayer challenging the summons to object to the summons on any appropriate ground. *PAA Management, Ltd. v. United States,* 962 F.2d 212 (2d Cir. 1993).

The Supreme Court has held that an individual opposing enforcement of the summons bears the heavy burden of disproving the actual existence of a legitimate government purpose. *United States v. La Salle Nat'l Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). *See also United States v. Balanced Fin. Management, Inc.,* 769 F.2d 1440 (10th Cir.1985) (once the government makes a prima facie showing, the

potential taxpayer bears a heavy burden of factually refuting the government's case or demonstrating an affirmative defense such as a lack of good faith).

■ A district court's enforcement of an IRS administrative summons should be denied when the IRS is attempting to exploit its civil investigatory powers as a *de facto* grand jury; the IRS acts in bad faith when it uses its civil investigatory powers to gather evidence for criminal prosecution. *United States v. Michaud*, 907 F.2d 750 (7th Cir. 1990). Further, a district court will not enforce an IRS administrative summons after the matter has been referred to the Justice Department for criminal prosecution. *Id.* Additionally, the IRS may neither issue nor move to enforce a summons if the IRS has referred the summonee's case to the Justice Department. *United States v. Abrahams*, 905 F.2d 1276 (9th Cir.1990).

■ To show that the IRS has abandoned any proper civil purpose, and thus that issuance of IRS summons is prohibited, it will not be sufficient for the taxpayer merely to allege IRS abuse with vague allegations of delayed referral to Department of Justice in order to gather additional information, but instead the taxpayer must come forward with evidence and proof to support such a claim. *United States v. Henderson*, 133 F.R.D. 28 (M.D.N.C.1990).

Regarding initial discovery to which the petitioner is entitled in a proceeding to quash IRS administrative summons, *United States v. Kis*, 658 F.2d 526 (7th Cir.1981), is instructive. *Kis* dealt with a proceeding to enforce summons brought by the government under § 7604(b) as opposed to a petition to quash summons brought by the taxpayer under § 7609(b); however, the procedures would appear to be identical. The government must establish a *prima facie* case as described in *Powell*. The taxpayer then has an opportunity to rebut the *prima facie* case and is entitled to certain basic items of information in order to do so effectively. These items were listed in *United States v. Garden State National Bank*, 607 F.2d 61 (3d Cir. 1979) and quoted with approval in *Kis*.[4]

### B. Analysis

■ *1. Recordkeepers.* As explained above, only certain kinds of summonses are subject to petitions to quash under § 7609(b). A summons issued to a mere recordkeeper is *not* subject to such a proceeding, while a summons issued to a *third-party recordkeeper* is.

The amended petition to quash IRS summons issued to L. Christopher Nunier/Family Care Chiropractic is denied because L. Christopher Nunier/Family Care Chiropractic *is not* a third-party recordkeeper as defined under § 7609(a)(3)(A)–(H).[5]

■ *2. Third–Party Recordkeepers.* Robert Lynn Co. Inc. and NBD Bank *are* third-party recordkeepers as defined under § 7609(a)(3)(A)–(H). Therefore, the petitioner may bring a petition to quash the summonses issued to these entities under § 7609(b). This permits the further inquiry which is the purpose for which the action was brought. Nonetheless, the amended petition must also be denied as to those summonses.

The declaration of Agent Bradby is attached to the United States' motion for summary denial of the amended petition to quash and for enforcement of IRS summonses. The contents of this declaration are illuminating and, since the petitioner has not opposed the United States' motion, are undis-

---

4. The initial discovery is as follows:
 1) The identities of the investigating agents,
 2) The date the investigation began,
 3) The dates the agent or agents filed reports recommending prosecution,
 4) The date the district chief of the Intelligence Division or Criminal Investigation Division reviewed the recommendation,
 5) The date the Office of Regional Counsel referred the matter for prosecution,
 6) The dates of all summonses issued under 26 U.S.C. § 7602, and
 7) The nature of any contacts, relating to and during the investigation, between the investigating agents and officials of the Department of Justice.

5. The other jurisdictional bases asserted in support of the amended petition as to this and the other summonses are uniformly lacking in substance. *See Woodrum v. United States*, No. IP 94–631–C, 1994 WL 623765 (S.D.Ind. August 30, 1994).

puted. The following excerpts are particularly pertinent:

3. I am the only agent of the Internal Revenue Service [ ] investigating Thomas A. Menendez. . . .

4. The investigation I am conducting of Thomas A. Menendez began on March 23, 1994.

5. I have not yet filed a report with anyone recommending that Thomas A. Menendez be prosecuted for anything.

6. Thus, there have been no reviews of any prosecution recommendation by either local chiefs of the Internal Revenue Service Intelligence Division or the Criminal Investigation Division.

. . . .

9. As of the date of this Declaration [May 16, 1994], there is no "Justice Department referral" . . . in effect with respect to Thomas A. Menendez for any of the taxable years 1991, 1992, or 1993.

10. This also means that neither the Internal Revenue Service Office of Regional Counsel nor the local District Counsel has made a referral for prosecution.

. . . .

18. The testimony and the books, records, papers, and other data demanded by the summonses issued to and served upon Robert Lynn Co., Inc. . . . are not already in the possession of the Internal Revenue Service.

19. The testimony and the books, records, papers, and other data demanded by the summonses issued to and served upon Robert Lynn Co., Inc.. . . . are necessary for the correct determination of the federal income tax liabilities of Thomas A. Menendez for the taxable years 1991 through 1993, inclusive.

20. In addition . . . I have issued one other summons—to NBD Bank for loan information. . . .

21. Apart from assisting in the defense of this action to quash the summonses I issued, I have had no contact with Department of Justice officials regarding the investigation of Thomas A. Menendez.

The foregoing refutes each and every material factual allegation which is made in the amended petition. In addition, it negates each and every legal premise on which the petitioner might have been entitled to relief in this case based on those allegations. Bradby's declaration also sufficiently provides the required initial discovery to which Menendez is entitled, so there has been no lack of information on that score.

### Conclusion

The United States has established a *prima facie* case under *Powell.* Conversely, Menendez has failed to meet his burden of overcoming this *prima facie* case. In the absence of evidence and proof to support his claims, the court will not grant such petitions. *United States v. Henderson,* 133 F.R.D. 28 (M.D.N.C.1990). Further Menendez has failed to disprove the existence of a legitimate government purpose. *United States v. La Salle Nat'l Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978).

On the basis of the foregoing, the petitioner's amended motion to quash the IRS summonses identified in this proceeding is **denied,** the action is **dismissed for lack of jurisdiction** as to the summons issued to L. Christopher Nunier/Family Care Chiropractic, the United States' motion for the summary enforcement of the summonses issued to the Robert Lynn Co., Inc. and NBD Bank is **granted.** Any request by the petitioner for discovery from any of the respondents which could be thought to remain pending at this time is **denied.** Judgment consistent with this Entry and Order shall now issue.

**ALL OF WHICH IS ORDERED.**