**Walter L. and Mary A. CONNER, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 1:95cv254.**

United States District Court, N.D. Indiana, Fort Wayne Division.

July 22, 1996.

Walter L. Conner, Fort Wayne, IN, pro se.

Mary A. Conner, Fort Wayne, IN, pro se.

Kevin P. Jenkins, U.S. Department of Justice, Washington, DC, for U.S.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a "Motion for Leave to File", and on a "Motion for Summary Denial of Petition to Quash and For Enforcement of Internal Revenue Service Summonses". Both motions were filed by the government on June 5, 1996, and the parties completed briefing the motions on July 3, 1996. For the following reasons, the governments' motions will be granted.

### Discussion

On May 24, 1995, the petitioners filed a petition to quash Internal Revenue Service ("IRS") summonses. On July 27, 1995, the government filed a motion to dismiss for lack of jurisdiction. In an order dated December 21, 1995, this court granted in part and denied in part the government's motion to dismiss. This court held that jurisdiction was lacking over two financial institutions located in Buffalo, New York and one financial institution located in Des Moines, Iowa. However, this court further held that, with respect

to three summonses directed to institutions and individuals located in Fort Wayne, Indiana, jurisdiction was proper in this court. Thus, the present order concerns only these three summonses.

In their petition to quash, the petitioners seek to quash summonses issued to Marcia Selking, Keeper of the Records of Norwest Legal Processing Department ("Norwest"), Garrett State Bank ("Garrett"), and Calvary Temple Church, Inc. ("Calvary"), relating to the tax liability of petitioners for the years 1991 through 1994, inclusive.

■ The government first asserts that this court lacks subject matter jurisdiction over the summons issued to Calvary because the church is not a "third-party recordkeeper" as that term is defined by statute. The government has taken the position that since Calvary is not a third-party recordkeeper, the government has not waived its sovereign immunity with respect to a claim against the Calvary summons.

■ In order to maintain a suit against the United States, it is necessary that there be a waiver of sovereign immunity to allow such suit, because the United States, as sovereign, may only be sued to the extent that it has consented by statute to be sued. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). A waiver of sovereign immunity cannot be implied, but must be explicit. *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957); *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). Additionally, a statutory waiver of sovereign immunity must be narrowly construed requiring the plaintiff to precisely meet the terms for waiver. *Sherwood, supra,* 312 U.S. at 587, 61 S.Ct. at 770. Where there is no statute expressly waiving the sovereign immunity of the United States, dismissal of the action is required. *Stout v. United States,* 229 F.2d 918 (2d Cir.1956).

■ Any potential waiver of immunity for the petition to quash the IRS summons to Calvary is found in 26 U.S.C. § 7609, which permits challenges to IRS summonses under certain limited circumstances. Specifically, § 7609(b) provides:

(b) Right to Intervene; Right to Proceeding to Quash—

\* \* \* \* \* \*

(2) Proceeding to Quash—

(A) In General—Notwithstanding any other law or rule of law, any person *who is entitled to notice of a summons* under subsection (a) shall have the right to begin a proceeding to quash such summons....

26 U.S.C. § 7609(b)(2)(A) (emphasis added). In order to be considered a third-party recordkeeper, two conditions must be met: "(1) the person facially falls within one of the enumerated categories in Section 7609(a)(3); and (2) the summons requests records kept in the person's role as a third-party recordkeeper." *Davenport v. Bell,* 600 F.Supp. 568, 571 (N.D.Ill.1984); *Menendez v. United States,* 872 F.Supp. 567, 570 (S.D.Ind.1994).

The government argues that a church, such as Calvary, does not fall within any of the categories defined as third-party recordkeepers in § 7609(a)(3), and thus Calvary is not a third-party recordkeeper. A review of § 7609(a)(3) reveals that the term "third-party recordkeeper" only refers to entities such as banks, consumer reporting agencies, credit card issuers, brokers, attorneys, accountants, barter exchanges, and regulated investment companies. Clearly, a church is not a qualifying entity. Thus, the government argues that since Calvary is not a third-party recordkeeper, petitioners were not entitled to notice under the provisions of § 7609(a)(1). As § 7609(b)(2) only permits those entitled to notice to bring a suit to quash a summons, the government argues that the petitioners have not shown that they are entitled to bring such a suit. Thus, the government argues that since petitioners do not meet the statutory requirements for maintaining this action to the extent they seek to quash the summons to Calvary, the United States has not waived its sovereign immunity and this court lacks jurisdiction over that portion of the petition to quash. This court agrees with the government on

this point and the petition to quash the summons to Calvary will be denied.

■ The government next argues that, with respect to the two remaining summonses, it has made a *prima facie* showing that the summonses are valid and enforceable. Section 7609 governs the enforceability of summonses issued to statutory third-party recordkeepers, such as Norwest and Garrett. Pursuant to § 7609, the summoned third-party recordkeeper must comply with the administrative IRS summons unless a person entitled to notice of the summons begins a proceeding to quash the summons not later than the 20th day after such notice is given. 26 U.S.C. § 7609(b)(2)(A). Further, in any proceeding to quash a summons, the government may seek to compel compliance with the summons. *Id.*

■ To compel compliance with a summons, the government need only present a *prima facie* case, as described by the Supreme Court in *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1965). Once a *prima facie* case is established the burden shifts to the petitioners to demonstrate that the enforcement of the summons would be an abuse of the court's process or that a genuine issue exists as to any material defense to the enforcement of the summons. *Powell,* 379 U.S. at 58, 85 S.Ct. at 255; *United States v. Kis,* 658 F.2d 526, 535–37 (7th Cir.1981).

■ To present a *prima facie* case, the government need only show: (1) that the summonses were issued for a legitimate purpose, (2) that the summoned data may be relevant to that purpose, (3) that the information is not already in the government's possession, and (4) that the administrative steps required by the Internal Revenue Code for issuance and service have been followed. *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–55; *United States v. LaSalle National Bank,* 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221 (1978); *Kis,* 658 F.2d at 536. The requisite showing is generally made by the declaration of the agent who is seeking enforcement of the summons. *Kis,* 658 F.2d at 536 ("The Government ordinarily proves these four elements by affidavits of the

agents involved in the investigation. No more than that is necessary to make the *prima facie* case").

■ In the present case, the government argues that the declarations of Revenue Agents David T. Renninger and Stephen T. Orme establish each of the four elements of a *prima facie* case for the validity and enforceability of the summonses at issue. First, the government claims that the declarations of the Revenue Agents shows that the summonses were issued for a proper purpose. An IRS summons issued under § 7602 must be issued "in good-faith pursuit of the congressionally authorized purposes of § 7602." *LaSalle National Bank,* 437 U.S. at 318, 98 S.Ct. at 2368. Those purposes include "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax," or "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(a), (b). Here, the Declarations of Revenue Agents Renninger and Orme indicate that the summonses were issued precisely for the statutory purpose of determining the petitioners' correct income tax liabilities for the relevant years. It is clear in this case that the petitioners have not met their heavy burden of showing that the summonses were not issued for a proper purpose. The petitioners merely assert, without supporting facts or authorities, that § 7602 does not apply to them.

The government further argues that it is clear that the summoned data may be relevant to the purposes of the investigation. The government points out that information from Norwest and Garrett regarding the income of petitioners for the relevant tax years may be found in the financial transaction documents requested in the summonses. The government contends that this information would be relevant to determining petitioner's tax liability and meets the threshold standard of relevance established for a § 7602 summons. In *United States v. Arthur Young & Co.,* 465 U.S. 805, 814, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826 (1984), the Supreme Court adopted a low threshold standard of relevance. This standard provides

that the government need only show that the summoned information "might throw light upon" the tax liabilities under investigation. Thus, no particularized showing of relevance as to each document is necessary. Rather, it is sufficient that the categories of summoned data may have a bearing on the IRS's examination of the petitioners' liabilities.

In the present case, the government argues that the relevance of the records sought from Norwest and Garrett is self-evident and not contested by the petitioners. The summonses at issue seek financial transaction records on the petitioners for the years under investigation. This court agrees with the government that it is obvious that these records are likely to shed light on the petitioners' income and on their income tax liabilities for the years under investigation.

Next, the government points out that its evidence shows that the summoned information is not already in the possession of the IRS and all other requirements for enforcement of the summonses have been met. Renninger Declaration at ¶ 7; Orme Declaration at ¶ 8. As the last two elements of the *prima facie* case have been met, the burden now shifts to the petitioners to establish either an abuse of process or a valid defense to enforcement of the summonses.

■ The government correctly argues that the petitioners have completely failed to raise a valid defense to the enforcement of the summonses. The petitioners simply assert that they are not "liable for any federal tax" and are not "required to perform any act" with respect to any federal tax. Arguments such as the ones the petitioners have raised have been specifically rejected by this court. *See Sloan v. United States*, 621 F.Supp. 1072, 1073 (N.D.Ind.1985; *aff'd in part, appeal dismissed in part*, 812 F.2d 1410 (7th Cir.1987)).

■ The petitioners filed a response to the government's motion on June 19, 1995. However, this response does not address the substantive merits of the government's motion. Rather, the petitioners seek to have their petition to quash granted on procedural grounds. The petitioners note that the government has admitted that its Motion for Summary Denial was 116 days late. The petitioners argue that the government has failed to respond to their petition to quash in a timely fashion and, thus, their petition to quash should be granted pursuant to Rule 8(d) of the Federal Rules of Civil Procedure.

The government argues that the relief the petitioners seek pursuant to Rule 8(d) is essentially a default judgment against the United States, governed by the rules regarding default judgments, Rule 55(e). Rule 55(e) states:

> **Judgment Against the United States.** No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Rule 55(e) requires that, with respect to actions against the United States, the plaintiff must address and the court must review the merits of a plaintiff's claims before the plaintiff may prevail by default judgment. *United States v. Geisler*, 174 F.2d 992, 999 (7th Cir.1949). *See also Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1193 (7th Cir.1986). The government points out that the petitioners have completely failed to address the merits of the issues raised. Again, this court agrees with the government. The petitioners have simply not stated any legitimate basis on which to grant their petition.

### Conclusion

For all of the foregoing reasons, the government's Motion for Leave to File and Motion for Summary Denial of Petitioner's Petition to Quash and for Enforcement of Internal Revenue Service Summonses are hereby GRANTED.